FILED

FEB 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REINA SARAVIA, )
parent and next friend of E.A., a minor )
1402 Spring Road, NW )
Washington, D.C. 20011 )
)
and )
)
TINA BOOKER-FORBES, ) Civil Action No.
parent and next friend of A.A., a minor )
1819 Varnum Street, NE )
Washington, D.C. 20018 )
)
and )
)
GERALD SISCO, )
parent and next friend of Q.B.S., a minor )
203 N Street, SW, #401 )
Washington, D.C. 20024 ) CASE NUMBER  1:06CV00275
)
and ) JUDGE: Paul L. Friedman
)
MELISA BOYD, ) DECK TYPE: Administrative Agency Rev
parent and next friend of P.B., a minor )
2424 Elvans Road, SE, #303 ) DATE STAMP: 02/14/2006
Washington, D.C. 20020 )
)
and )
)
VIOLA BRADFORD, )
parent and next friend of G.B., a minor )
4202 East Capitol Street, NE, #4 )
Washington, D.C. 20019 )
)
and )
)
MARGARET BROWN, )
parent and next friend of M.B., a minor )
2308 Good Hope Road, SE, #102 )
Washington, D.C. 20020 )
)

1

and                                                    )
                                                       )
ANNETTE HAGENS,                                        )
parent and next friend of M.C., a minor                )
1436 Ives Place, SE                                    )
Washington, D.C. 20003                                 )
                                                       )
and                                                    )
                                                       )
MARSHA CREWS,                                          )
parent and next friend of W.C., a minor                )
1366 First Street, SW                                  )
Washington, D.C. 20024                                 )
                                                       )
and                                                    )
                                                       )
MAXINE ALEXANDER,                                      )
parent and next friend of J.D., a minor                )
1359 Downing Street, NE                                )
Washington, D.C. 20018                                 )
                                                       )
and                                                    )
                                                       )
EDWARD and CASSANDRA DAVIS,                            )
parents and next friends of L.D., a minor              )
1250 Miegs Place, NE, #2                               )
Washington, D.C. 20002                                 )
                                                       )
and                                                    )
                                                       )
VICTORIA DOUGLAS,                                      )
parent and next friend of D.D., a minor                )
4229 Nash Street, SE                                   )
Washington, D.C. 20020                                 )
                                                       )
and                                                    )
                                                       )
DAVILIA KIDD-MOSLEY,                                   )
parent and next friend of I.E., a minor                )
4903 11th Street, NE                                   )
Washington, D.C. 20017                                 )
                                                       )
and                                                    )

2

DEBRA FINLEY, )
parent and next friend of L.F.M., a minor )
3064 Stanton Road,, SE, #2A )
Washington, D.C. 20020 )
)
and )
)
CLAUDINA FLORES, )
parent and next friend of J.F., a minor )
1489 Newton Street, NW )
Washington, D.C. 20010 )
)
and )
)
CATHERINE GANTT, )
parent and next friend of C.G., a minor )
4642 Livingston Road, SE, #203 )
Washington, D.C. 20032 )
)
and )
)
JEROME and KIA GLOVER, )
parents and next friends of J.G., a minor )
1215 33rd Place, SE )
Washington, D.C. 20019 )
)
and )
)
SARRINNA GRAHAM, )
parent and next friend of S.G., a minor )
5619 8th Street, NW )
Washington, D.C. 20011 )
)
and )
)
LARRY and KIMBERLY HAGANS, )
parents and next friends of L.H., a minor )
2121 I Street, NE, #10 )
Washington, D.C. 20002 )
)
and )
)

3

CRYSTAL HAMILTON,                                     )
parent and next friend of A.H., a minor              )
3923 Pennsylvania Avenue, SE, #201                   )
Washington, D.C. 20020                               )
                                                      )
and                                                   )
                                                      )
RUTH HARDY,                                           )
parent and next friend of A.H., a minor              )
612 Emerson Street, NW                                )
Washington, D.C. 20011                                )
                                                      )
and                                                   )
                                                      )
KENYA HARROD,                                         )
parent and next friend of R.H., a minor              )
1226 Kennedy Street, NW                               )
Washington, D.C. 20011                                )
                                                      )
and                                                   )
                                                      )
ROBERTA HAWKINS,                                      )
parent and next friend of D.H., a minor              )
814 Southern Avenue, SE, #204                         )
Washington, D.C. 20032                                )
                                                      )
and                                                   )
                                                      )
DEBORAH HINKLE,                                       )
parent and next friend of K.H., a minor              )
3027 K Street, SE                                     )
Washington, D.C. 20019                                )
                                                      )
and                                                   )
                                                      )
JULIA HUNTER,                                         )
parent and next friend of J.H., a minor              )
64 Galveston Street, SW, #101                         )
Washington, D.C. 20032                                )
                                                      )
and                                                   )
                                                      )

4

TERRY JOHNSON,                                    )
parent and next friend of D.I., a minor           )
737 Irving Street, NW                             )
Washington, D.C. 20020                            )
                                                  )
        and                                       )
                                                  )
SONIA JOYNER,                                     )
parent and next friend of S.J., a minor           )
317 54th Street, NE                               )
Washington, D.C. 20019                            )
                                                  )
        and                                       )
                                                  )
DORNASE HARRIS,                                   )
parent and next friend of D.K., a minor           )
5307 Jay Street, NE                               )
Washington, D.C. 20019                            )
                                                  )
        and                                       )
                                                  )
ADJELEGAN LASSEY,                                 )
parent and next friend of B.L., a minor           )
1290 Morse Street, NE                             )
Washington, D.C. 20002                            )
                                                  )
        and                                       )
                                                  )
BONNIE MATHIS,                                    )
parent and next friend of D.M., a minor           )
1272 Holbrook Terrace, NE                         )
Washington, D.C. 20002                            )
                                                  )
        and                                       )
                                                  )
LISA MILLER,                                      )
parent and next friend of S.M., a minor           )
46 Place, SE, #21                                 )
Washington, D.C. 20019                            )
                                                  )
        and                                       )
                                                  )

5

JULIE MOORE,                                    )
parent and next friend of D.M., a minor         )
1920 Bennett Place, NE                          )
Washington, D.C. 20002                          )
                                                )
    and                                         )
                                                )
LAURA MUHAMMAD,                                 )
parent and next friend of N.M., a minor         )
4524 C Street, SE                               )
Washington, D.C. 20019                          )
                                                )
    and                                         )
                                                )
KIMBERLY ODOMS,                                 )
parent and next friend of K.O., a minor         )
890 Southern Avenue, SE, #403                   )
Washington, D.C. 20032                          )
                                                )
    and                                         )
                                                )
SYLVESTER and PAMELA OKPALA,                    )
parents and next friends of R.O., a minor       )
1351 H Street, NE                               )
Washington, D.C. 20002                          )
                                                )
    and                                         )
                                                )
CHERYL GREGORY-RIVAS,                           )
parent and next friend of S.O., a minor         )
1358 Spring Road, NW                            )
Washington, D.C. 20010                          )
                                                )
    and                                         )
                                                )
IDA STEWART,                                    )
parent and next friend of D.O., a minor         )
5087 Just Street, NE                            )
Washington, D.C. 20019                          )
                                                )
    and                                         )
                                                )

6

TANYA OWENS,                                          )
  parent and next friend of J.O., a minor    )
5210 Karl Place, NE                                   )
Washington, D.C.  20019                               )
                                                      )
  and                                        )
                                                      )
JOYCE ROBINSON,                                       )
  parent and next friend of J.R., a minor    )
320 Quintana Place, NE                                )
Washington, D.C.  20011                               )
                                                      )
  and                                        )
                                                      )
WALLETTA SANDS,                                       )
  parent and next friend of T.S., a minor    )
1222 Stevens Road, SE                                 )
Washington, D.C.  20020                               )
                                                      )
  and                                        )
                                                      )
RITA BEMAH,                                           )
  parent and next friend of D.S., a minor    )
5011 Jay Street, NE, #1                               )
Washington, D.C.  20019                               )
                                                      )
  and                                        )
                                                      )
MONIQUE WILLOBY,                                      )
  parent and next friend of B.S., a minor    )
2706 Wade Road, SE, #101                              )
Washington, D.C.  20020                               )
                                                      )
  and                                        )
                                                      )
DELLTONJIA ADAMS,                                     )
  parent and next friend of S.S., a minor    )
2806 14th Street, NW, #101                            )
Washington, D.C.  20009                               )
                                                      )
  and                                        )
                                                      )

7

CATHERINE TAYLOR,                                   )
parent and next friend of D.T., a minor             )
4715 Jay Street, NE                                 )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )
EMMA LEACH,                                          )
parent and next friend of D.T., a minor             )
226 50th Street, NE                                 )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )
CLOASTELLIE TILGHMAN,                               )
parent and next friend of C.T., a minor             )
1102 4th Street, NE                                 )
Washington, D.C.  20002                             )
                                                    )
and                                                 )
                                                    )
LEANNA TRAYNHAM,                                    )
parent and next friend of M.T., a minor             )
1605 East Capitol Street, SE                        )
Washington, D.C.  20003                             )
                                                    )
and                                                 )
                                                    )
MARY TURNER,                                        )
parent and next friend of A.T., a minor             )
315 Upshur Street, NW                               )
Washington, D.C.  20011                             )
                                                    )
and                                                 )
                                                    )
RHONDA WALKER,                                      )
parent and next friend of A.W., a minor             )
5834 Southern Avenue, SE                            )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )

8

SHEILA WASHINGTON,                                   )
parent and next friend of M.W., a minor              )
3677 Jay Street, NE, #101                            )
Washington, D.C. 20019                               )
                                                     )
and                                                  )
                                                     )
LASHONE WATTS,                                       )
parent and next friend of L.W., a minor              )
2644 Birney Place, SE, #301                          )
Washington, D.C. 20020                               )
                                                     )
and                                                  )
                                                     )
LAWANDA REED,                                        )
parent and next friend of E.W., a minor              )
800 Southern Avenue, SE, #308                        )
Washington, D.C. 20032                               )
                                                     )
and                                                  )
                                                     )
RANDOLPH NARCISCO,                                   )
parent and next friend of A.W., a minor              )
54 V Street, NW                                      )
Washington, D.C. 20001                               )
                                                     )
and                                                  )
                                                     )
ROSLYN HOLMES,                                       )
parent and next friend of J.W., a minor              )
764 Fairmont Street, NW                              )
Washington, D.C. 20001                               )
                                                     )
and                                                  )
                                                     )
RENEE WILSON-WHREN,                                  )
parent and next friend of K.W., a minor              )
4906 Just Street, NE                                 )
Washington, D.C. 20019                               )
                                                     )
                    Plaintiffs,                      )
                                                     )
        v.                                           )

9

```
                                        )
THE DISTRICT OF COLUMBIA                )
A Municipal Corporation                 )
One Judiciary Square                    )
441 Fourth Street, NW                   )
Washington, D.C. 20001                  )
                                        )
serve:                                  )
                                        )
ANTHONY L. WILLIAMS, Mayor              )
District of Columbia                    )
1350 Pennsylvania Avenue, NW, 5th Floor )
Washington, D.C. 20004                  )
                                        )
serve:                                  )
                                        )
ROBERT SPAGNOLETTI                      )
Senior Corporation Counsel              )
District of Columbia                    )
1350 Pennsylvania Avenue, NW, Suite 409 )
Washington, D.C. 20004                  )
                                        )
and                                     )
                                        )
CLIFFORD JANEY (officially)             )
Superintendent, D.C. Public Schools     )
825 North Capitol Street, NE            )
Suite # 9026                            )
Washington, D.C. 20002                  )
                                        )
                    Defendants.         )
_____)
```

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

10

## PRELIMINARY STATEMENT

1.     This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"). Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

## JURISDICTION

2.     This Court has jurisdiction pursuant to:

   a.     The Individuals with Disabilities Education Improvement Act, 20

          U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section

          504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*

          decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title

          5 §§ 3000.1 - 3701.3 (2003);

   b.     42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

          remedy for acts taken under color of law that subject any citizen of

          the United States or person within the jurisdiction thereof to the

          deprivation of any rights, privileges, or immunities secured by the

          Constitution and laws;

   c.     Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.

11

## PARTIES

4.      Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well

as their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

IDEA. The parents bring this action on behalf of the children and in their own right, and

the individual Plaintiffs are designated as follows:

a.      At all times relevant hereto, Evelin Amaya was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $16,301.92 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs, and $16,301.92 is still due and owing from the Defendants. Copies of the invoice

and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 1.

b.      At all times relevant hereto, Asa Asunción was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about October

18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

12

attorneys' fees and costs in the amount of $6,960.99 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,960.99

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 2.

      c.    At all times relevant hereto, Quintin Blake-Sisco was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 22, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $9,470.17 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs, and

$9,470.17 is still due and owing from the Defendants. Copies of the invoice and Hearing

Officer's Determination ("HOD") are attached hereto as EXHIBIT 3.

      d.    At all times relevant hereto, Paradise Boyd was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $7,705.87 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,705.87 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 4.

  e.  At all times relevant hereto, Gregory Bradford was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,390.60 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,390.60 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 5.

  f.  At all times relevant hereto, Marcus Brown was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,584.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,584.12 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 6.

g.      At all times relevant hereto, Marquis Canty was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $5,640.73 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $5,640.73 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 7.

h.      At all times relevant hereto, William Crews was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $6,585.45 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $6,585.45 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 8.

i.      At all times relevant hereto, James Davis was a student in the District of

15

Columbia Public Schools' ("DCPS") Special Education Program. On or about September 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,614.90 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $10,614.90 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 9.

     j.     At all times relevant hereto, Leonard Davis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,752.28 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $7,752.28 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 10.

     k.     At all times relevant hereto, Doniece Douglas was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,073.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,073.82 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 11.

l.       At all times relevant hereto, India Euell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,391.66 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,391.66 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 12.

m.      At all times relevant hereto, Landon Finley-Mills was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 19, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $8,655.44 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,655.44 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 13.

n.      At all times relevant hereto, Josael Flores was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,887.18 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $10,887.18 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 14.

o.      At all times relevant hereto, Cierra Gantt was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 24, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,896.14 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

18

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$11,896.14 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 15.

      p.     At all times relevant hereto, Jeremi Glover was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 22, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law.  Plaintiff's attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $11,166.00 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parents for their attorneys' fees and

costs, and $11,166.00 is still due and owing from the Defendants.  Copies of the invoice

and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 16.

      q.     At all times relevant hereto, Schnette Graham was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $21,679.64 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs, and $21,679.64 is still due and owing from the Defendants.  Copies of the invoice

and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 17.

      r.     At all times relevant hereto, Larry Hagans was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 17, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,633.99 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS informed the parent's attorneys that they refused to reimburse the parents for their attorneys' fees and costs, and $5,633.99 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 18.

      s.     At all times relevant hereto, Ashley Hamilton was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,463.35 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,463.35 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 19.

20

t.    At all times relevant hereto, Adrian Hardy was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,807.41 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,807.41 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 20.

u.    At all times relevant hereto, Robert Harrod was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 29, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,472.94 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,472.94 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 21.

v.    At all times relevant hereto, Donnaesha Hawkins was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

21

September 19, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,724.79 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,724.79 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 22.

      w.     At all times relevant hereto, Khalid Hinkle was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,834.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,834.10 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 23.

      x.     At all times relevant hereto, Joseph Hunter was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

22

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,516.22 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,516.22 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 24.

        y.    At all times relevant hereto, Delano Ingram was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,337.71 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,337.71 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 25.

        z.    At all times relevant hereto, Sean Joyner was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,775.71 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,775.71 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 26.

aa.    At all times relevant hereto, David Keys was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,495.55 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,495.55 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 27.

bb.    At all times relevant hereto, Bruno Lassey was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,521.00 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

24

and $9,521.00 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 28.

cc.     At all times relevant hereto, Daniel Mathis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,705.97 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,705.97 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 29.

dd.     At all times relevant hereto, Shaun Miller was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,099.23 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $10,099.23 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 30.

ee.    At all times relevant hereto, Dominik Moore was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 29, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,048.71 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $13,048.71 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 31.

ff.    At all times relevant hereto, Ni'matul-ain Muhammad was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,012.60 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,012.60 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 32.

gg.    At all times relevant hereto, Kerry Odoms was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October

26

13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,525.27 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $15,525.27 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 33.

hh.    At all times relevant hereto, Richard Okpala was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,181.74 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $5,181.74 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 34.

ii.    At all times relevant hereto, Sequan Onley was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,067.14 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $15,067.14 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 35.

jj.    At all times relevant hereto, DeAngelo Osborne was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 27, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,491.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,491.81 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 36.

kk.    At all times relevant hereto, Jerrell Owens was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 27, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,198.60 in accordance

28

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $11,198.60 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 37.

      ll.    At all times relevant hereto, Jonathan Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,283.78 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $11,283.78 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 38.

      mm.    At all times relevant hereto, Tyrone Sands was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,697.83 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $4,697.83 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 39.

      nn.     At all times relevant hereto, DeAndre Shaheed was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $4,965.85 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $4,965.85 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 40.

      oo.     At all times relevant hereto, Barry Stevenson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was

the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $18,640.88 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$18,640.88 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 41.

pp.     At all times relevant hereto, Sam Stockes was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,257.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,257.09 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 42.

qq.     At all times relevant hereto, Donnell Taylor was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,005.40 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,005.40 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 43.

rr.     At all times relevant hereto, Dominique Thompson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

31

September 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $16,568.41 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $16,568.41 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 44.

ss.     At all times relevant hereto, Charlie Tilghman was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,781.05 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,781.05 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 45.

tt.     At all times relevant hereto, Montissa Traynham was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,934.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,934.10 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 46.

uu.    At all times relevant hereto, Ayonnah Turner was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 6, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,640.62 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $13,640.62 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 47.

vv.    At all times relevant hereto, Andre Walker was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $16,341.52 in accordance with the DCPS'

33

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$16,341.52 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 48.

   ww. At all times relevant hereto, Muhammad Washington was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

October 7, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was

the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $12,863.32 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$12,863.32 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 49.

   xx. At all times relevant hereto, LaShonda Watts was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law. Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $12,211.91 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs, and $12,211.91 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 50.

yy.    At all times relevant hereto, Elliott Whittington was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 27, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,578.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,578.09 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 51.

zz.    At all times relevant hereto, Armani Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,758.84 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs, and $7,758.84 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 52.

aaa.    At all times relevant hereto, Justin Willis was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $16,679.09 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs, and $16,679.09 is still due and owing from the Defendants.  Copies of the invoice

and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 53.

bbb.    At all times relevant hereto, Kevon Wilson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $6,202.78 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs,

and $6,202.78 is still due and owing from the Defendants.  Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 54.

5.    The District of Columbia is a municipal corporation that receives federal

financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and

this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.     Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.     Plaintiffs are all "prevailing parties" as defined in Buckhannon Board and Care Home. Inc.. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001), and are entitled to recover reimbursement and reasonable attorneys' fees.

8.     On or about October 31, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

9.     That according to Defendants' Guidelines for the Payment of Attorney Fees in IDEA Matters, invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

10.     That more than 90 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants. Therefore, Plaintiff's invoices are considered denied by Defendants.

11.     That under the Guidelines established by the Defendants, Plaintiff's claims for reimbursement are considered denied by Defendants.

12.     That Defendants have refused and/or failed to pay Plaintiffs' Attorney Fee Applications without just reason or cause.

13.     That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEA and this Court.

14.     That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

15.     That the Plaintiffs herein are "prevailing parties" as this term is defined in Buckhannon.

16.     That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

17.     That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. See, e.g., *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

18.     That the current billing rates for the attorneys, as evidenced by the invoices attached as EXHIBITS hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

19.     That the Plaintiffs had settled expectations that if they prevailed they

38

would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

20.     That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

21.     That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

22.     That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.     Enter an Order directing Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $502,081.31.

2.     Award each Plaintiff pre-judgment interest on each award.

3.     Award to Plaintiffs reasonable attorneys' fees and costs incurred in prosecuting the instant lawsuit.

4.     Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs

39