UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REINA SARAVIA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-0275 (PLF) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO COMPLAINT**

The Defendants, by counsel and pursuant to Fed. R. Civ. P. 6(b)(1), respectfully request an enlargement of time – until June 6, 2005 – to respond to the complaint herein.

This action is an aggregation of 54 individual claims for the recovery of attorneys' fees and costs under the Individuals With Disabilities Education Act, 20 U.S.C. §§1400 *et seq*.("IDEA").  As to each claim, it is asserted that each individual plaintiff/claimant prevailed with respect to a different special education administrative proceeding at the District of Columbia Public Schools ("DCPS"), or was a party to a different settlement agreement with DCPS that has not been honored with respect to the payment of attorneys' fees.  The complaint and accompanying documentation is more than 800 pages in length, and recites as to each claim the particular administrative event said to ground the claim; the purported facts concerning the plaintiff's attorney's submission to DCPS of a request for payment, and DCPS's response; and a specification,

by invoices, of fees and costs claimed to be remaining to be paid. All of the complaint assertions and supporting exhibits must be reviewed and responded to in the Defendants' answer.

This complaint was one of six served simultaneously on the District of Columbia's Office of Attorney General on March 6, 2006, and apparently served on the Mayor of the District on March 8, 2006. The other five actions (precisely the same nature, attorneys' fee claims under IDEA) are as follows (the date of filing, the number of different fee claims aggregated in each, and the number of pages of complaint and supporting documents are noted):

> Ankrom v. District of Columbia, Civ. No. 06-0274 (HHK) (filed February 14, 2006; 51 claims; 650+ pages)
>
> Armstead v. District of Columbia, Civ. No. 06-0276 (RBW) (filed February 14, 2006; 50 claims; 800+ pages)
>
> Agnew v. District of Columbia, Civ. No. 06-0277 (RWR) (filed February 14, 2006; 5 claims; 75+ pages)
>
> Gonzalez v. District of Columbia, Civ. No. 06-0278 (ESH) (filed February 14, 2006; 10 claims; 150 pages)
>
> Briscoe v. District of Columbia, Civ. No. 06-0323 (JDB) (filed February 23, 2006; 22 claims; 300+ pages)

In combination with the captioned action, these suits contain some *192 different fee claims,* based on individual, different factual circumstances, and are reflected in *more than 2,800 pages* of filed complaint assertions and supporting documentation.

In order to respond to these complaints, each claim must be researched by the same few legal and financial individuals at DCPS responsible for this subject matter, and

each must be addressed in this Court by undersigned counsel.  Given the volume of individual claims, and the documents required to be reviewed (and asserted facts verified), however, it is simply not possible for the necessary work to be concluded, and all of these claims to be responded to, in the 20 day period normally allowed for response to complaints under the Federal Rules and the Rules of this Court.  Particularly because Plaintiffs' counsel chose to file and serve these different suits simultaneously rather than sequentially (as their preparation was concluded) – in the apparent strategic hope to squeeze the limited resources of DCPS and this Office – it is both unreasonable and unnecessary to demand that all necessary research and response to nearly 200 different claims be accomplished in a 20 day period.

Accordingly, it is requested that the Court enlarge the period for responding the captioned complaint to June 6, 2006 – 90 days from the date of service on the Mayor.  This same request is simultaneously being made in each of these six cases.

Pursuant to LCvR 7.1(m), the undersigned contacted Plaintiffs' counsel some two weeks ago concerning this motion; while Plaintiffs' counsel indicated he would call back with a response, no further communication was received by the time of this filing.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District
    of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

                    */s/ Edward P. Taptich*_____
                    EDWARD P. TAPTICH [#012914]
                    Chief, Equity Section 2
                    441 Fourth Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-7334

March 20, 2006

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 6(b)(1), Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REINA SARAVIA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-0275 (PLF)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

On consideration of the Defendants' Motion For Enlargement Of Time To Respond To Complaint, filed March 20, 2006, at it appearing that a grant of that motion would be just and proper, it is, this ____ day of March, 2006,

ORDERED, That the Defendants' motion is granted; and it is

FURTHER ORDERED, That the time within which the Defendants may respond to the complaint herein is hereby enlarged to and including June 6, 2006.

_____
United States District Court Judge

5