UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REINA SARAVIA, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-275(PLF) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL OF PLAINTIFFS' COMPLAINT**

The Defendants, by counsel, hereby move, pursuant to Fed. P. Civ. R. 12(b)(6), for partial dismissal of Plaintiffs' Complaint, for their failure to state a claim against Defendants for which relief may be granted.

                          Respectfully submitted,

                          ROBERT J. SPAGNOLETTI
                          Attorney General for the District of
                          Columbia

                          GEORGE C. VALENTINE
                          Deputy Attorney General
                          Civil Litigation Division

                          /s/ Edward P. Taptich
                          EDWARD P. TAPTICH, #012914
                          Chief, Equity Section 2

                          */s/* Veronica A. Porter
                          VERONICA A. PORTER, #412273
                          Assistant Attorney General
                          441 4th Street, NW, 6th FL South
                          Washington, D.C. 20001
                          (202)724-6651

**June 6, 2006**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **REINA SARAVIA, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-275(PLF) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL**

**Preliminary Statement.**

Plaintiffs filed the instant lawsuit on February 14, 2006, against Clifford Janey, as Superintendent of the District of Columbia Public Schools ("DCPS"), and the District of Columbia ("District"). This action is an aggregation of claims on behalf of 54 different plaintiff/students. All 54 claimants assert that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"), and seek recovery of attorneys' fees. Plaintiffs generally allege that they were not paid for the attorneys' fees and costs they incurred.

The complaint (paragraph 2) states that it is being filed pursuant to 20 U.S.C. §§1400-1461 ("IDEA"); The Rehabilitation Act (Section 504), 29 U.S.C. §794; 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. §§ 1441 and 1442.

As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

2

**ARGUMENT**

I. **Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. See District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief"). Based on the allegations in the complaint, and construing the complaint most favorably to the plaintiffs, certain of their claims fail as a matter of law.

II. **The Law Mandates Partial Dismissal of the Instant Lawsuit.**

   A. **To the extent the complaint is based on the Rehabilitation Act, it fails to state a claim on which relief can be granted.**

In the complaint, jurisdiction is asserted under, among other things, "the Rehabilitation Act of 1973 ('Section 504'), 29 U.S.C. §794." Complaint, para. 2. The portion of this action which is based on the Rehabilitation Act, 29 U.S.C. §§791 et seq., should be summarily dismissed.

First, that statute – intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984) – is wholly irrelevant here. The complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the complaint may be limited to administrative activities relating to "a free, appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA

3

supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education for All Handicapped Children Act ("EHA"), the predecessor of IDEA, the Court in Smith v. Robinson, 468 U.S. 992, 1019 (1984) stated:

> [T]here is no doubt that the remedies, rights, and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Also, e.g., Doe v. Maher, 793 F.2d 1470, 1494 (9th Cir.), cert. granted, 479 U.S. 1084, aff'd as modified, 484 U.S. 305(1986) (IDEA "provides the sole remedy for handicapped children who have been denied their right to a free appropriate public education") (citing Smith v. Robinson, supra; Atascadero State Hospital v. Scanlon, 473, U.S. 234 (1985); Alexopulos v. Riles, 784 F.2d 1408 (9th Cir. 1986); Swift v. The Rapides Parish Public School System, 812 F.Supp. 666, 667 n.1 (W.D.La.), aff'd, 12 F.3d 209 (5th Cir. 1993) ("relief under section 504 is not available for [IDEA] violations").

Second, it is equally clear that, since the claims here are for attorneys' fees relating to administrative actions under IDEA, such claims may not be pursued under the Rehabilitation Act. For the enactment of IDEA "precludes [such plaintiffs] from recovering attorney's fees under the Rehabilitation Act of 1973." Wilson v. Marana Unified School District No. 6, 735 F.2d 1178, 1183 (9th Cir. 1984). Accord, McKenzie v. Smith, 771 F.2d 1527, 1536 (1985) ("In Smith v. Robinson [supra], the Supreme Court held that litigants and courts cannot rely on . . . Section 505 of the Rehabilitation Act, 29 U.S.C. §794a(b), to support attorney fees awards in [EHA] review proceedings"); Georgia Association of Retarded Citizens v. McDaniel, 740 F.2d 902 (9th Cir. 1984), cert.

4

denied, 469 U.S. 1228 (1984); Laughlin v. School District No. 1, 689 P.2d 334, 335 (Ct. App. Ore. 1984), review denied, 695 P.2d 50 (1985) ("a party may not resort to section 504 to recover attorney fees when seeking to enforce rights guaranteed by the EHA by simply restating the EHA claim under section 504").

      **B.**     **The complaint asserts no bases for a grant of attorneys' fees under 42 U.S.C. § 1983.**

Plaintiffs cannot recover attorney's fees under 42 U.S.C. section 1983 because they failed even to even assert — much less demonstrate – essential elements of a claim for violation of that statute. To prove a section 1983 violation in an IDEA case, plaintiffs have the burden to establish by a preponderance of the evidence (1) that the District of Columbia Public Schools ("DCPS") violated one or more specific provisions of the IDEA; (2) that exceptional circumstances exist such that the conduct of DCPS that caused the violations was persistently egregious and prevented or frustrated plaintiffs from securing equitable relief under the IDEA; (3) that the District of Columbia has a custom or practice that is the moving force behind the violations; (4) that the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm suffered. See Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C.1997); Johnson v. District of Columbia, 190 F.Supp. 2d 34, 47 (D.D.C. 2002); Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

Although plaintiffs cite section 1983 in the jurisdictional statement of the complaint, nothing within the complaint even asserts that the conduct of DCPS, which allegedly caused the "violations" complained of, was persistently egregious and prevented plaintiffs from securing equitable relief under the IDEA; that the District of

5

Columbia has a custom or practice that was the moving force behind the alleged IDEA violations; or that the normal remedies offered under the IDEA are inadequate to provide the relief requested.

Given the fact that the complaint makes no effort to establish section 1983 liability, plaintiffs do not have a viable claim in that regard. IDEA violations cannot serve as a "predicate" for a section 1983 claim unless plaintiffs meet their burden to establish municipal liability thereunder. Plaintiffs have failed even to assert any of the elements necessary to establish liability under section 1983, and they are not entitled to attorney's fees under section 1983. Plaintiffs' entitlement to attorney's fees arises solely under the IDEA. See Doe v. Maher, 797 F2d. 787 (9th Cir. 1986); Paul D. Pearlstein v. District of Columbia, Civ. No. 98-01877 (Memorandum Opinion, December 28, 2000, Kessler, J.). Thus, plaintiffs may not recover attorney's fees under section 1988 because of their failure to assert any 1983 claim. See Farrer v. Hobby, 506 U.S. 103 (1992).

### C. Plaintiffs Gerald Sisco, Adjelegan Lassey, Tanya Owens, Robin Leach, and Lawanda Reed, are not entitled to relief as their claims derive from settlement agreements, which do not make them "prevailing parties."

In order to be entitled to attorneys' fees under either IDEA, a party must establish that it was a "prevailing party" under that statute. *See* 20 U.S.C. § 1415(i)(3)(B). In terms of defining a "prevailing party," case law holds that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B)." See Smith v. District of Columbia, No. 03-7130, Judgment at p. 2 (D.C. Cir. Dec. 3, 2004). Moreover, Alegria v. District of Columbia, 2004 U.S. App. Lexis 25138 (D.C. Cir. 2004), in citing Buckhannon Bd. & Care Home, Inc. v. W.Va.

6

Dep't of Health & Human Res., 532 U.S. 598 (2001), affirmed the following points: (1) attorneys' fees are not warranted without formal judicial action; (2) private settlements do not entail judicial approval and oversight; and (3) a request for attorneys' fees based upon a private settlement must be denied.

In this action, plaintiffs Gerald Sisco, Adjelegan Lassey, Tanya Owens, Robin Leach, and Lawanda Reed each claim that they are "prevailing parties" based upon settlement agreements entered into with the District. See Complaint, paras. c, bb, kk, rr, and vv. As recent case law has held, those five plaintiffs are not "prevailing parties" and, accordingly, are not entitled to an award of attorneys' fees under IDEA. Thus, the actions of plaintiffs Gerald Sisco, Adjelegan Lassey, Tanya Owens, Robin Leach, and Lawanda Reed should be dismissed as a matter of law.

### D. Plaintiffs Julie Hunter and Catherine Gantt are not entitled to relief because they failed to exhaust their administrative remedies.

20 U.S.C. §1415(f)(1)(A) provides that, "whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency."

The procedures to be followed after the filing of a request for an administrative due process hearing were significantly altered in Congress' reauthorization of IDEA in 2004. Now, on receipt of such a complaint, DCPS must convene a "resolution meeting" prior to holding a due process hearing. As provided by 20 U.S.C. §1415(f)(1)(B):

> (i) Preliminary meeting. Prior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a

7

meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint.

Plaintiff Julia Hunter (para. x and exhibit 24) ) requested a due process hearing, which convened on August 26, 2005. However, once the hearing officer learned that a resolution meeting had not been held, and the parties were interested in resolving the case, the due process hearing was held in abeyance, pending the outcome of the resolution meeting.

Since, Plaintiff Hunter has had neither a resolution meeting, nor a final determination from a hearing officer, she had failed to exhaust her administrative remedies, and her complaint must be dismissed.

Plaintiff Catherine Gantt (para. o and exhibit 15) participated in a due process hearing on August 15, 2005. However, the hearing officer did not issue a final determination in that case. Consequently, Plaintiff Gantt is not a prevailing party, and is not entitled to attorney's fees. Her complaint must be dismissed.

### E. Plaintiff Marsha Crews in not entitled to relief because her due process hearing was dismissed.

Plaintiff Marsha Crews (para. h and exhibit 8) participated in a due process hearing on September 20, 2005. Although plaintiff's complaint asserts prevailing party status, the hearing officer actually denied plaintiff's motion for default judgment, dismissed the complaint with prejudice, and specifically stated "there is no prevailing party in this proceeding." (exhibit 8, pp. 5-6).

Since Plaintiff Crews' complaint was dismissed with prejudice by the hearing officer, she is not a prevailing party, and is not entitled to the relief request in this action.

### F. Plaintiff Rhonda Walker is not entitled to relief because A.W. attends a Charter school, not a District of Columbia Public School.

Plaintiff Rhonda Walker (para. vv and exhibit 48) participated in a due process hearing on August 26, 2005, alleging that Friendship Edison Charter School, where A.W. attends, failed to evaluate the student for special education services. The hearing officer ordered Friendship Edison to conduct a psychiatric evaluation and reconvene the IEP meeting. (exhibit 48, p, 3). At all times relevant to this action, A.W. attended a public charter school, not a District of Columbia Public School.

Public charter schools were established in the District of Columbia to provide public schools, among other things, "an option for more autonomy over their administration, operations and expenditures." D.C. Official Code §28-1701.2(7) (2001). To that end, a public charter school has the power "to be responsible for its own operation, including preparation of a budget and personnel matters" and "to sue and be sued in its own name." D.C. Official Code §§38-1702.5(b)(7), (8) (2001). A "public charter school" is "a publicly funded school in the District of Columbia that …is not a part of the District of Columbia schools." D.C. Official Code §38-1800.02(29)(B) (2001).[1]

District of Columbia law provides that a public charter school shall elect to be treated as a local education agency ("LEA Charter") or a District of Columbia public school ("District Charter") for purposes of the IDEA. D.C. Official Code § 38-1802.10(c) (2001). See also 5 DCMR §3019.1. The implementing regulations for IDEA state, in relevant part, "If a public charter school is an LEA . . . that receives funding under §§

---

[1] See also D.C. Code §38-1702.5(p) (2001) (a public charter school "shall not be deemed, considered, or construed to be an entity of the District of Columbia Government" ). "The term 'District of Columbia public school' does not include a public charter school." D.C. Official Code §38-1800.2(12)(B) (2001). An exception to this scheme is when "the D.C. Board of Education has assumed responsibility for the charter school in question following a failure to renew, or revocation of, the school charter; 5 DCMR §3019.11 (2002).

300.711-300.714, that charter school is responsible for ensuring that the requirements of [part B of the Act] are met, unless State law assigns that responsibility to some other entity." 34 CFR §300.312(b). District of Columbia law holds LEA Charters responsible for ensuring that the requirements of subpart B of the IDEA are met with regard to children enrolled in their schools. 5 DCMR §3019.2. Accordingly, as an LEA Charter, Friendship Edison is responsible for making FAPE available to disabled children enrolled therein.

LEA Charters like Friendship Edison are responsible for special education evaluations, Individual Education Plans ("IEPs"), placements, and for providing all necessary related services to children with disabilities enrolled in their facilities, consistent with the children's IEPs. See 5 DCMR §§ 3019.3, 3019.8.

Where, as here, the student is enrolled in a public charter school which has elected to be an LEA, DCPS' role is limited to that of the designated SEA in the District of Columbia. The SEA has general oversight responsibility for ensuring that the requirements of subpart B of IDEA are met. However, the LEA Charter has specific responsibility to compliance with the Act. 34 CFR §5 DCMR §300.312. Unless DCPS has been notified that the LEA Charter is unable to provide the requested services, and finds that the LEA Charter cannot in fact provide them, it will not assume responsibility for them. §§3019.9 and 3019.11.[2]

There was never an indication during the due process hearing that Friendship Edison was unable to provide services or requested DCPS to intervene and assume responsibility for the student.

---

[2] Courts have held, however, that if the LEA was unwilling to provide the services the SEA must provide them. Ex rel. Gadsby v. Grasmick, 109 F.3d 940 (4th Cir. 1997).

Recent decisions of this Court have found that where a student attends a public charter school, which acts as its own LEA, DCPS is not responsible for the students special education services, and cannot be held liable for non-provision of those services. <u>IDEA Public Charter School v. Crystal Belton, et al.</u>, CA No. 05-467, (D.D.C., Memorandum Opinion March 15, 2006) (action dismissed against the District of Columbia because the District of Columbia "is not a necessary party to the adjudication of the case or to the implementation of any available remedy." p. 10-11.)  *See also* <u>Friendship Edison Public Charter School (Woodbridge Campus) v. Morrow</u>, CA No. 05-2054 (D.D.C., Order April 28, 2006);  <u>Friendship Edison Public Charter School (Chamberlain Campus) v. Smith</u>, CA No. 05-2461 (D.D.C, Memorandum Opinion, May 5, 2006).

Since Plaintiff A.W. attends a public charter school, Defendants are not liable for the alleged failings of that school.  Thus the relief requested cannot be granted and the complaint must be dismissed.

## **CONCLUSION**

Plaintiffs are not entitled to attorneys' fees under "Section 504" of the Rehabilitation Act of 1973.  Moreover, since the Plaintiffs' entitlement to attorneys' fees in this case arises under the IDEA, and because the complaint does not allege any of the elements necessary to establish liability under sections 1983 and/or 1988 of the Civil Rights Act, the Court may not award plaintiffs' attorney's fees under that statute, and any such claims must also be dismissed.

To the extent plaintiffs Gerald Sisco, Adjelegan Lassey, Tanya Owens, Robin Leach, and Lawanda Reed entered into settlement agreements with the District, they are

not "prevailing parties" under IDEA, pursuant to Alegria and Buckhannon, supra. As such, their claims should be dismissed as a matter of law as well.

Neither Plaintiff Julia Hunter nor Catherine Gantt exhausted their administrative remedies prior to filing this action. Plaintiff Hunter never participated in a resolution session, and Plaintiff Gantt has not received a final order from the hearing officer. Their claims must be dismissed.

Plaintiff Marsha Crews is not entitled to relieve because her due process complaint was dismissed with prejudice. Her claim herein should be dismissed as well.

Finally, Plaintiff Rhonda Walker is not entitled to relief because her child attends a public charter school, and DCPS is not responsible for providing special education services to her child. Her claim should be dismissed.

Accordingly, Defendants motion for partial dismissal of the complaint should be granted.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> /s/ Edward P. Taptich
> EDWARD P. TAPTICH, #012914
> Chief, Equity Section 2

>  /s/ Veronica A. Porter
>  VERONICA A. PORTER, #412273
>  Assistant Attorney General
>  441 4th Street, NW, 6th FL South
>  Washington, D.C. 20001
>  (202)724-6651

**June 6, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REINA SARAVIA, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-275(PLF) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

## ORDER

On consideration of Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint, Plaintiffs' opposition thereto, and the record herein, it is this ___ day of _____, 2006,

ORDERED, that Defendants' motion is GRANTED; it is,

FURTHER ORDERED, that any claims pursuant to 42 U.S.C. § 1983 and 29 U.S.C. §794 are hereby dismissed; and it is

FURTHER ORDERED, that the claims of plaintiffs Gerald Sisco, Adjelegan Lassey, Tanya Owens, Robin Leach, Lawanda Reed, Julia Hunter, Catherine Gantt, Marsha Crews, and Rhonda Walker are dismissed with prejudice.

_____
U.S. DISTRICT COURT JUDGE