IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REINA SARAVIA, <u>et al.</u>,** : | |
| : | |
| : | |
| **Plaintiffs** : | Civil Action No. 06-275(PLF) |
| : | |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>,** : | |
| : | |
| **Defendants** : | |
| : | |
| _____ : | |

## MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED IN SUPPORT OF THE PLAINTIFFS' OPPOSITION OF THE DEFENDANT'S MOTION TO FOR PARTIAL DISMISSAL

COME NOW, the Plaintiffs, by and through their attorneys Tilman L. Gerald and James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion for Partial Dismissal, represent unto this Honorable Court as follows:

### INTRODUCTION

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq.  Plaintiffs are seeking reimbursement of reasonable attorneys' fees in the fifty-four (54) cases where the Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415.  In October 2005, the Plaintiffs submitted invoices to the Defendant in fifty-four (54) cases seeking reimbursement for reasonable attorneys' fees in accordance with IDEIA.  The fifty-four (54) invoices

were submitted in conformity with the November 2004 DCPS Attorney Fee Guidelines.

According to those guidelines, attorneys must submit their invoices for payments within forty-five (45) days of receipt of the issuance of a Hearing Officer's Determination or the execution of a settlement agreement. That the Defendant claims that it will attempt to address all invoices within sixty (60) days and if there are no acknowledgment of submission of invoices, then an attorney must consider his/her invoices denied. To date, the Defendant has not reimbursed the Plaintiffs nor has the Defendant provided a reasonable explanation or bases for its failure to act upon the Fee Applications of the Plaintiff consonant with the guidelines it established. Given the failure of the Defendant to reimburse the attorneys fees and absent any explanation, Plaintiffs could reasonably infer that the Defendant had denied their Fee Application.

In its' Motion for Partial Dismissal, the Defendant asserts that the Plaintiffs failed to state a claim under 42 U.S.C. § 1983, the Plaintiffs failed to state a claim under the Rehabilitation Act, the plaintiffs failed to be the prevailing party in six administrative due process hearings, the Plaintiffs, in two other instances, failed to exhaust their administrative remedies, and lastly, the Defendant was never notified that the charter school was unable to service the needs of the student. Plaintiffs will address the points raised by the Defendant in its motion in seriatim. For the reasons that follow, the Plaintiffs respectfully request that this Honorable Court deny the Defendant's motion.

## A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*,

190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

### B. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

Plaintiffs are prevailing parties as defined by the Court *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees). Accordingly this Honorable Court has the authority, pursuant to 20 U.S.C. §1415(i)(3)[1] of the IDEA, 42 U.S.C. §1983[2], and §1988[3] of the Civil Rights Act to award those fees. Under the IDEA, parents who prevail at the administrative level in securing special education services and benefits for their children are entitled to seek reimbursement of reasonable attorneys' fees. The right to reimbursement of reasonable attorney's fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowing an independent cause of action for attorneys' fees, held that the courts may award parents attorney fees upon prevailing in administrative matters. See *Moore v. District of Columbia*, 907 F.2d

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

[2] 42 U.S.C. § 1983; "Every person who, under the color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States of other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ."

[3] 42 U.S.C. § 1988(b) states that "[i]n any action or proceeding to enforce a provision of sections . . .1983. . ., the court, in its discretion, may allow the prevailing party other than the United States, a reasonable attorney's fee as part of the costs."

3

165 (1990).

## 1. PLAINTIFFS HAVE ESTABLISHED A SECTION 1983 CLAIM.

Section 1983 is applicable in this instant matter because each Plaintiff is enforcing his or her right to reimbursement of reasonable attorneys' fees pursuant to 20 U.S.C. 1415 (i)(B )(3), their right to reasonable attorneys fees pursuant to the IDEA, and are further seeking relief from an ongoing and systemic civil rights violation. The Defendant correctly asserts the burden a Plaintiff must establish in asserting a section 1983 claim. Thus to state a claim under §1983, Plaintiff must satisfy the following elements: 1) that the Plaintiff establish that the Defendant violated one or more specific provisions of the IDEA; 2) that exceptional circumstances exist such that conduct of DCPS that caused the violations was persistently egregious and prevented and frustrated Plaintiffs from securing equitable relief under the IDEA; 3) that the Defendant has a custom or practice that is the moving force behind the violations; 4) that the normal remedies offered under the IDEA [omit] are inadequate to compensate for the harm suffered. See *Walker v. District of Columbia*, 969 F.Supp. 794 (D.D.C. 1997).

In the instant matter, the Plaintiff can adequately satisfy the four prong test established under *Walker* to support their claim that the Defendant has committed a §1983 violation of the IDEA. With respect to the first prong of the test set forth in *Walker, supra.*, the Defendant has violated two provisions of the IDEIA. Specifically, the Defendant (1) has failed to reimburse the Plaintiffs reasonable attorneys' fees although they were the prevailing parties at an administrative due process hearing, thereby violating 28 U.S.C. 1415 (i)(3)(b), and (2) the ability of parents to retain competent and knowledgeable counsel to represent them and their minor children in administrative due process hearings.

All fifty-four (54) Plaintiffs satisfy the second prong of the *Walker* standard as well. Specifically, the Defendant's conduct continues to interfere with and to frustrate the ability of parents, such as these Plaintiffs, to obtain competent counsel and to sustain that attorney-client relationship which so vital to obtaining and maintaining special education services and benefits in the District of Columbia. 20 U.S.C §1415(h) provides the mechanism for parents to obtain the services of competent counsel to represent their interest and the interest of their children with respect to IDEIA claims for special education services and benefits. Therefore, it stands to reason that in order to effectuate the purposes of that statute, i.e., to obtain the services of competent legal counsel, Plaintiffs "settled expectation" of timely reimbursement of reasonable counsel fees must surely become a reality rather than the protracted and prolonged fiction that it is currently. 42 U.S.C. §1983 is the only means by which the Plaintiffs are able to vindicate rights that are guaranteed them under the IDEA. See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002). The IDEIA, unfortunately, is devoid of any provision that allows parents, such as the Plaintiffs, to pursue enforcement of or to redress any violation committed by the Defendant within the four corners of the IDEIA itself.

The plaintiffs satisfy the third prong, "custom and practice" of *Walker*, because the Defendant's custom and practice of refusing or denying to reimburse the counsel of parents of children with special needs is well documented. See *Calloway v. District of Columbia*, 216 F.3d. 1, at 4 (D.C. Cir. 2000) (the Court noted the DCPS' hostility towards paying the legal fees of parent's counsel); see also *Johnson v. District of Columbia,* 190 F.Supp.2d 34 (D.C. Cir 2003) (the Court reasoned that the Defendant's offer of settlement conditioned on the parent's agreeing to waive attorney's fees, violated 42 U.S.C. § 1983). Here the Defendant's failure to pay within a reasonable

time, and the Defendant's failure to remit payment within the timefame they committed themselves to according to the DCPS Attorney Fee Guidelines, and the Defendant's lack of response is proof of an ongoing systemic, custom and practice of refusing or denying reimbursement of the plaintiffs' reasonable attorneys' fees, thereby infringing on their right to counsel. Indeed, this current tactic being employed by the Defendant is nothing new. See *Agapito et al., v. District of Columbia,* Civil Action No., 05-1935; *Bowman et al., v. District of Columbia*, Civil Action No. 05-1933; *Ankrom et al., v. District of Columbia*, Civil Action No. 06-0274; *Armstead et al., v. District of Columbia*, Civil Action No. 06-0276; *Moore et al., v. District of Columbia*, Civil Action No. 06-00576; *Santamaria et al., v. District of Columbia*, Civil Action No. 06-00577; and *Brown et al., v. District of Columbia*, Civil Action No. 06-00823. In all DCPS has failed to reimburse parents, including these Plaintiffs, in three hundred and forty-four (344) cases currently pending before this Court. Indeed, the oldest of these cases date back to April of 2005. The aforementioned cases are well documented examples of the Defendant's "custom and practice" culminating in the continuous interference with a parent's right to counsel by either refusing or failing to reimburse a parent for reasonable attorney's fees.

    Plaintiffs satisfy the last prong of *Walker* because the IDEIA itself does not provide an adequate enforcement remedy when the Defendant continuously fails to reimburse the parent, a prevailing party, for his or her reasonable attorney's fees and interferes with the parent's right to maintain the attorney-client relationship. Thus, 42 U.S.C. § 1983 is the only remedy available to parents to address the violations of the IDEIA visited upon them by the Defendant.

    Albeit the complaint could have been more artfully drafted, the sufficiency of the allegations is still such as to give rise to Plaintiffs § 1983 claims under the rules. Since the allegations in the complaint, set forth a *prima facie* case for a § 1983 claim, this Court must deny the request to

dismiss this claim. The factual allegations as presented in the Complaint sufficiently describes not just one instance where the Defendant failed to reimburse Plaintiffs attorneys fees, but rather fifty-four (54) instances, not to mention the concomitant effect it has on sustaining a viable attorney-client relationship so vital to a parent of a child with special education challenges in the District of Columbia. It is patently unfair for the children of the most victimized members of the District of Columbia, the underprivileged and the uneducated, who have had to endure the hardships and the challenges of going through the special education process within the labyrinth of the District of Columbia, only to endure the hostility associated with obtaining the special education services and benefits provided by the IDEIA. The impetus of the actions of the Defendant is to erode the parent's ability to seek out and retain competent counsel.

In conclusion, the failure of the Defendant to reimburse the Plaintiffs reasonable attorneys' fees is deliberate and calculated to undermine, if not to completely infringe upon, the ability of parents to obtain the services of competent legal counsel. In each case, the Defendant has failed to provide an explanation why it did not reimburse the plaintiffs for their reasonable attorney's fees. The conduct displayed by the Defendant clearly and unequivocally demonstrates an egregious and vindictive nature which can not be tolerated at the expense of children who are being deprived of special education needs. Thus, the plaintiffs are able to state a §1983 claim.

### 2. PLAINTIFFS SISCO, LASSEY, OWENS, LEACH & REED SETTLEMENT AGREEMENTS ARE CONSIDERED "ADMINISTRATIVE IMPRIMATURS" WHICH RESULTED IN "PREVAILING PARTY" STATUS.

In substance, the Defendant asserts that Plaintiffs Sisco, Lassey, Owens, Leach and Reed are not "prevailing parties" because they entered into private settlement agreements or their cases were settled prior to securing a decision in an administrative hearing. Additionally, the position of the

Defendant that the settlement agreements entered into on the record lack the requisite "judicial imprimatur" to confer "prevailing party status" is misplaced.  In *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party" status.  The Court indicated that prevailing party status may be obtained through litigation on the merits, and also indicated that settlement agreements enforced through consent decrees may also serve as a basis for an award of attorneys' fees. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005).

In order to be a "prevailing party" under *Select Milk*, a party must demonstrate the following: 1) that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief."  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C. Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).  Thus, the standard set forth in *Select Milk* applies to "judicial imprimatur[s]".  However, in *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005), the Court determined that while the prongs set forth in *Buckhannon* do not explicitly state their applicability to "purely administrative [IDEIA] proceedings,  a hearing officer's determination that "[a]lthough not 'judicial,' changes the legal relationship between the parties: [i]t's terms are enforceable, if not by the IHO itself, then by a court, including through an action under 42 U.S.C. § 1983. Therefore, we must conclude that the combination of administrative imprimatur, the change in the legal relationship of the parties arising from it, and subsequent judicial enforceability, render such a winning party a "prevailing party". .

. . ." See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005)(See e.g., *SJB v. N.Y. City Dep't of Educ.*, No. 03 Civ. 6653, 2004 WL 1586500, 2004 U.S. Dist. LEXIS 13227 (S.D.N.Y . July 14, 2003); see also *Jeremy H. V. Mount Lebanon Sch. Dist.*, 95 F. 3d 272, 279 (3d Cir. 1996)).

In each instance, each Plaintiff has demonstrated through a settlement on the record that a change in the legal relationship occurred. The Defendant offered to settle the Plaintiffs claim on the record by agreeing to provide the Plaintiffs with some or all of the relief sought in their administrative due process hearing requests. Thereafter, an independent hearing officer made a finding that the terms of the settlement agreements were in the best interest of the child and subsequently incorporated the terms into a Hearing Officer's Determination which became final. See 20 U.S.C. §1415(g).

As a result of the foregoing, "prevailing party" status is conferred upon the Plaintiffs because a change in the legal relationship between the Plaintiffs and the Defendant occurred. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). The Defendant "'should not be rewarded for their gamesmanship' by saddling the parents with the bill for the district's intransigence". See *M.C. and S.C., parents of S.C., a minor v. Seattle Sch. Dist.*, 43 IDELR 111, 105 LRP 19575, (Wash. 2005).

### 3. PLAINTIFFS JULIA HUNTER, CATHERINE GANTT, AND MARSHA CREW, ARE PREVAILING PARTIES AS DEFINED BY THE IDEIA.

The Defendant alleges that the plaintiffs Julia Hunter and Catherine Gantt are not entitled to relief because they failed to exhaust their administrative remedies, these assertion are false. With respects

to Plaintiff Crew, the Defendant asserts that while the impartial due process hearing officer, dismissed her claim, yet provided most, if not all of the relief she sought, the parent somehow, did not prevail. This allegations are false.

In order to qualify as a prevailing party, it is not necessary for parents to obtain all the relief that they initially sought. However, "there must be an 'alteration in the legal relationship of the parties' that has been given some judicial *imprimatur*…" in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005). In each of the following matters, the plaintiffs were prevailing parties as defined by the IDEIA.

### a. Plaintiff Hunter's Claim

First, with respects to the claim of Plaintiff Hunter, it is important to note that contrary to the Defendant's assertions, there was no administrative due process hearing convened for the student on August 26, 2005. Prior to August 26, 2005, the last hearing that took place for this student was on June 3, 2005. *See attached Exhibit #1*. The next administrative due process complaint was not filed on the student's behalf until August 29, 2005. *See attached Exhibit #2*.

The first time the Defendant attempted to schedule the resolution session meeting was on or about September 7, 2005. *See attached Exhibit #3.* On September 7, 2005, the Defendant attempted to fax to the plaintiff's counsel, a confirmation of meeting notice for a resolution session meeting, that was never scheduled with the parent's, or her counsel's knowledge or consent, for September

13, 2005, at 9:00 A.M. *Id.* However, the attempt to the parent's counsel was unsuccessful as the facsimile confirmation page reported that the result of the attempted fax as "NG" or no good. The record demonstrates that no further attempts to notify the Plaintiff's counsel of a pending resolution session meeting were made.

In fact, the next form of communication occurred on September 12, 2005, when the Defendant left a message on the Plaintiff Hunter's answering machine informing notifying her that a resolution session meeting was scheduled to take place on September 13, 2005 and that she was required to attend. The Plaintiff immediately contacted her counsel to inform them that she was not able to get leave from her work on such short notice and thus unable to participate in a resolution session meeting.

On September 13, 2005, counsel for the Plaintiff appeared at the resolution session meeting and requested that resolution session meeting be rescheduled. The Defendant agreed to reschedule the meeting. Subsequently thereafter counsel for the plaintiff, pursuant to the agreement reached at the resolution session meeting, faxed to DCPS a letter offering three (3) dates and times to reconvene the student's resolution session meeting. *See attached Exhibit #4.* The Defendant never responded.

An administrative due process hearing was scheduled to take place for the student on October 21, 2005, prior to that hearing the Defendant filed a motion to remove the hearing from the hearing schedule asserting that the parent failed to participate in a resolution session meeting. *See attached Exhibit #5.* Counsel for the parent, filed an opposition to the Defendant's motion detailing the Defendant's failure to abide by their agreement to reschedule the matter. *See attached Exhibit #6.* The Defendant's motion was denied.

The administrative due process hearing took place as scheduled on October 21, 2005. As a

result of that hearing, the impartial due process hearing officer, issued a decision that ordered the Defendant to convene a resolution session meeting on or before November 10, 2005. *See attached Exhibit #8*. The order went on to state that DCPS shall schedule the meeting through the parent's counsel and that in the event the parties were unable to resolve the matter that a second administrative due process hearing would take place for the student on November 28, 2005. *Id.* The Defendant, for a second time, failed to comply with the order and convene the student's resolution session meeting, therefore the complaint was not resolved.

At the second administrative due process hearing, on November 28, 2005, the impartial due process hearing officer issued a decision ordering status reports on an upcoming MDT/IEP Meeting *See attached Exhibit #9*. Because the Defendant failed to conduct the MDT/IEP meeting for the student, the impartial due process hearing officer issued a final decision ordering the Defendant, among other things, to convene the students BLMDT/IEP meeting within ten (10) school days of the issuance of the January 11, 2006 order. *See Exhibit #9, supra*. DCPS failed to comply with this order as well. Indeed, since the issuance of the January 11, 2006 order of the impartial due process hearing officer, DCPS has failed to comply with no less than two (2) additional orders issued by the impartial due process hearing officer presiding over the matter. *See attached Exhibit #10 and #11.*

DCPS' assertions that the parent failed to exhaust her administrative remedies are not supported by the law or facts of this case. To wit, DCPS, per the applicable rules and regulations of the IDEIA was to convene the student's resolution session meeting, twice they failed to do this. Once after an agreement by the parties to reconvene, and for the second time, pursuant to an administrative order. Furthermore, despite DCPS' assertions that there was no final order issued in this matter, this contention is false as well as administrative orders were issued on October 21, 2005, November 28,

2005, and January 11, 2006.  DCPS' motion must be denied.

b.  Plaintiff Gantt's Claim

With respects to the claim of plaintiff Catherine Gantt, the Defendant asserts that the plaintiff is not the prevailing party because the hearing officer did not issue a final decision in this matter. This statement by the defendant is false.  The impartial due process hearing officer did issued a final decision on September 29, 2005.

First, the Defendant is incorrect in asserting that a due process hearing took place for the student on August 15, 2005.  Indeed, the first administrative due process hearing took place for the student on July 15, 2005, and was continued by the impartial due process hearing officer to August 24, 2005.  See attached Exhibits #11 and #12.  There was no hearing on August 15, 2005.

Moreover, as a result of the administrative due process hearing of August 24, 2005, the impartial due process hearing officer issued a decision, on or about September 29, 2005, in which DCPS was ordered to do, *inter alia*, convene an MDT/IEP Meeting no later than September 21, 2005. That the meeting shall include the participation of the Petitioner's 2004-2005 regular education teacher, special education teacher, speech and language service provider, and the social worker who provided counseling services for the 2004-2005 school year.  If any of the 2004-2005 service providers are no longer available they may be replaced by service providers for the 2005-2006 school years.  Furthermore, the order went on to require that the Defendant, at the student's MDT/IEP Meeting, review and revise Petitioner's IEP if necessary, discuss Petitioner's progress and provide or re-provide Petitioner's parent with all existing weekly service logs for 2004-2005, determine if additional evaluations are warranted, and discuss and determine placement.  The order went on to require that the Defendant determine the student's right to compensatory education, and

if eligible, develop a compensatory education plan, provide the impartial due process hearing officer, in addition to the plaintiff's counsel, a status report no later than October 19, 2005, to schedule all meeting through the parent's counsel, that any delay caused by the parent or her counsel would extend the Defendant's time for performance, and that this order was effective immediately.

This determination by the impartial due process hearing presiding over the matter, operates as an enforceable judgment on the merits and creates the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Armstrong,* 328 F.Supp.2d at 57 (*quoting Buckhannon*, 532 U.S. at 604 (citation omitted).

### c. Plaintiff Crew's Claim.

With respects to plaintiff Marsha Crew's claim, there is not question that she is the prevailing party as defined by the IDEIA. Here, an administrative due process hearing was held for the student on or about September 20, 2005. As a result of that hearing, the impartial due process hearing officer, on or about October 21, 2005, issued an administrative order in which the Defendant was ordered to do, among other things, the following: convene a MDT meeting on or before November 11, 2005, to review the student's evaluations, determine the student's eligibility for special education and its related services, if eligible, develop an appropriate IEP. The order went on to require the Defendant to allow the plaintiff the opportunity to participate in all placement discussions for the student, for the plaintiff to contact the Defendant in the event of the Defendant's failure to comply with the order, and that the order was effective immediately.

The Defendant's attempts to use the nonsensical and impracticable decision of the impartial due process hearing officer, in which he dismissed the plaintiff's claims but yet ordered the Defendant to do the aforementioned, as a basis to substantiate their decision to deny the plaintiff

reimbursement for her reason attorney's fees is unavailing.

To wit, the impartial due process hearing officer, by ordering the Defendant to convene a MDT meeting on or before November 11, 2005, to review the student's evaluations, determine the student's eligibility for special education and its related services, if eligible, develop an appropriate IEP. The order went on to require DCPS to allow the plaintiff the opportunity to participate in all placement discussions for the student, for the plaintiff to contact DCPS in the event of DCPS' failure to comply with the order, and that the order was effective immediately; created the necessary  the "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees."

### 4.  PLAINTIFF RHONDA WALKER IS A PREVAILING PARTY AND IS THEREFORE TO RELIEF FROM THE DISTRICT OF COLUMBIA.

Contrary to the Defendant's assertions, A.W does not attend Friendship Edison Public Charter School (hereinafter "FEPCS").  Pursuant to a Hearing Officer's Determination issued on February 9, 2006, DCPS was ordered to place and fund A.W's at the Pathways School of Prince George's County, Maryland (hereinafter "Pathways").  *See Exhibit 17*.  Second, although DCPS asserts that it never had any indication or notice that FEPCS could not to provide the services that A.W. required or that DCPS was never requested to intervene and assume responsibility for the student, this assertion is neither credible or accurate.  *See Defendant's Memorandum at 10.*  Succinctly stated such an argument is nonsensical and in no way can be reasonably supported factually.

To wit, an administrative due process hearing was held for A.W. on January 13, 2005.  As a result of that hearing, the impartial due process hearing officer issued a final decision on January 28, 2005, in which DCPS was ordered to do, among other things, in conjunction with FEPCS,

convene the student's MDT/IEP Meeting to review A.W's recent evaluations, discuss and determine eligibility, and discuss and determine placement.

Counsel for the parent and FEPCS, notified DCPS on March 18, 2005 and April 14, 2005, that their participation in A.W.'s April 20, 2005 MDT/IEP meeting was necessary because A.W. may require a change in placement to a more restrictive setting given his academic and behavioral deficits. See Exhibits . DCPS failed to appear at the MDT/IEP meeting. See Exhibit # .

Notwithstanding DCPS' failure to appear at the MDT/IEP Meeting of April 20, 2005, the A.W.'s MDT/IEP meeting finally convened on August 24, 2005, two (2) days prior to A.W.'s due process hearing of August 26, 2005. DCPS attended this meeting and issued a Prior Notice of Placement for A.W. at the District of Columbia Alternative Learning Academy - Southeast Campus[4]. Despite the Defendant's assertions, the record clearly demonstrates that the Defendant had notice and consequently intervened on A.W.'s behalf.

The Defendant's reliance on recent decisions from this Court, involving charter schools (acting as its own LEA), to support its' contention that the parent is not the prevailing party, and thusly not entitled to attorney's fees is unpersuasive. Indeed, the cases of *IDEIA Public Charter School v. Crystal Belton, et al.*, CA No. 05-467 (D.D.C. Memorandum Opinion issued on March 15, 2006); *Friendship-Edison Public Charter School (Woodbridge Campus) v. Morrow*, CA No. 05-2054 (D.D.C., Order April 28, 2006); and *Friendship-Edison Public Charter School v. Smith*, CA No. 05-2461 (D.D.C. Memorandum Opinion, May 5, 2006) all involved motions to dismiss the Defendant District of Columbia as a necessary party to the adjudication of the case to the implementation of any available remedy. This is not the situation in this matter as the Defendant is

---

[4] The parent rejected this placement by DCPS and subsequently filed a notice of stay-put.

a necessary party as the became financially responsible for the educational placement of A.W.

As the foregoing clearly demonstrates, 1) the Defendant had sufficient notice that FEPCS was unable to provide for A.W.'s educational placement and 2) that Plaintiff Walker is the prevailing party.

## CONCLUSION

Therefore, upon the above stated argument, Plaintiffs respectfully request that this Court to deny the Defendant's Motion to Dismiss and make a finding that it has subject matter jurisdiction to adjudicate the claims under the IDEIA. *See* 20 U.S.C §1415(e)(F);20 U.S.C. §1415 (f)(B)(iii). Alternatively, the Plaintiffs' respectfully request leave to amend their complaint in the event this Court grants this Defendant's Motion in whole or in part.

Respectfully Submitted,

\_\_\_\_/s/_____
Tilman L. Gerald
Unified Bar No. 928796
Roxanne D. Neloms
Bar No.  478157
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 2000
(202)742-2000
*Attorneys for Plaintiffs*