# EXHIBIT 2

# District of Columbia Public Schools
## State Enforcement and Investigation Division
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| JOSEPH HUNTER, student ) | |
| Date of Birth: February 1, 1995 ) | |
| ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date: April 26, 2005 |
| ) | Hearing Date: June 3, 2005 |
| The District of Columbia Public Schools, ) | |
| Home School: Terrell Elementary School, ) | Held at: 825 North Capitol Street, NE |
| Attending: Ferebee-Hope Ele. School, ) | Eighth Floor, Hearing Room 2 |
| ) | Washington, D.C. 20002 |
| Respondent. ) | |

Parent:

Julia Hunter
J1303 Congress Street, SE    Apt No 1
Washington, D.C. 20032

Counsel for the Parent/Student:

Roberta L. Gambale, Esq.
**JAMES E. BROWN & Associates**
1220 L Street, NW   Suite 700
Washington, D.C. 20005

District of Columbia Public Schools:

Aaron E. Price, Sr., Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

## INDEX of NAMES for Joseph Hunter

**Hearing Date:** June 3, 2005

Appearing on behalf of DCPS:

1. Tia Nelson, classroom teacher

Appearing on behalf of the parent/student:

1. Julia Hunter, mother
2. Donte Davis, educational advocate
3. Domiento C.R. Hill, Esq., of counsel

No testimony was received.

# INTRODUCTION

On April 26, 2005, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of inappropriateness of educational placement and, for relief, requested a private placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Friday, June 3, 2005 at DCPS Headquarters, 825 North Capitol Street, NE 8th Floor, Hearing Room 2, Washington, D.C. 20002. The hearing convened as scheduled.

# JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; and Title V of the District of Columbia Municipal Regulations

# ISSUE:

Was Ferebee-Hope Elementary School an appropriate educational placement for the student?

# SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated May 25, 2005, DCPS disclosed 6 witnesses and 1 document.

By facsimiles dated May 25 and 26, 2005, the parent substituted counsel and disclosed 7 witnesses and 45 documents.

As a preliminary, Counsel for the Parent objected to a DCPS witness as undisclosed.

The hearing officer noted that the specific DCPS witness not disclosed and, as the school at which the witness was a teacher was not disclosed, the witness could not qualify as a "designee." The hearing officer further noted that 34 CFR 300.309(a)(3) referred to the "right" of party to prohibit another from introducing evidence not disclose and SUSTAINED Counsel for the Parent's objection to the DCPS witness.

The documents were placed into the record and are referenced/footnoted herein where relevant.

From representations and documents, the hearing officer determined the that while the December 8, 2004 IEP, Parent Document No 45, indicated a 100% Out of General Education LRE for the student, Ferebee-Hope Elementary School was not a 100% Out of General Education LRE and directed a Finding for the Parent: Denial of FAPE, failure on the part of DCPS to provide an appropriate (100% Out of General Education) educational placement for the student.

The parties requested a recess.

When the hearing resumed, the parties announced a settlement.

## The SETTLEMENT AGREEMENT

1. With transportation and on an interim basis to begin June 22, 2005, DCPS agreed to place and fund the student at Sun Rise Academy.

2. DCPS agreed to convene an MDT/IEP/Placement meeting for the student before first day of the DCPS 2005-06 School Year. If a DCPS placement is recommended, a Notice of Placement will be issued within 5 schooldays of the said meeting; if a non-public placement is recommended, a Notice of Placement will be issued within 30 days of the said meeting.

3. At the said MDT/IEP/Placement meeting, the form, amount and delivery of compensatory education, if any, will be discussed and determined. For disputes under this paragraph, either party may request a hearing.

4. For the said MDT/IEP/Placement meeting, scheduling is to be through and notices are to be sent to Counsel for the Parent except that, for everyday of unavailability of parent/educational advocate/Counsel for the Parent, the deadline herein will be extended one day. For disputes under this paragraph, with the burden of proof on DCPS, documentation of the parties will be relied upon to determine the good faith of each party.

This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the issue date of this decision.

_____  Date: June 8, 2005
H. St. Clair, Esq., Hearing Officer

Issued: 6/8/05
Student Hearing Office, DCPS

2 of 2 pages