# EXHIBIT 7

**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

Julia Hunter, on behalf of                          )
Joseph Hunter                                       )
DOB: February 1st, 1995                             )
1303 Congress Street, SE #1                         )
Washington, DC 20032                                )
                                                    )
Attending School: The Sunrise Academy              )
                                                    )
                                                    )
                                                    )
v.                                                  )
                                                    )
District of Columbia Public Schools                 )
825 North Capitol, Street, NE                       )
Washington, DC 20002                                )
                                                    )
                                                    )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**COMPLAINANT'S OPPOSITION TO DCPS' MOTION TO REMOVE THE**
**HEARING FROM SCHEDULE.**

**COMES NOW**, Julia Hunter, (hereinafter "complainant"), by and through her attorneys, the Law Offices of James E. Brown & Associates, PLLC (hereinafter "counsel"), after a review of the District of Columbia Public Schools' ("DCPS") Motion to Remove the Hearing From The Hearing Schedule, and hereby files this Opposition to DCPS' Motion to Remove.

**I. Procedural Background.**

The complainant, by through her attorneys, filed an administrative due process hearing complaint (hereinafter "complaint"), on behalf of Joseph Hunter (hereinafter "J.H.") on or about August 29th, 2005. See Attached Exhibit 1.

As a result of the parent's filing of the administrative due process complaint, a scheduling memorandum was generated by the State Education Agency for the District of Columbia Public Schools on or about August 30th, 2005. See Attached Exhibit 2.

DCPS, according to the scheduling memorandum was to convene a resolution meeting for the student on or before September 13th, 2005. Id.

On or about September 7th, 2005, DCPS attempted to send to the parent's counsel notice of resolution meeting DCPS wished to convene for the student on September 13th,

2005. See Attached Exhibit 3. The fax was not received as the fax transmittal line's result section states that the fax was "NG" or no good. Id. No further attempts to resent the fax to the parent's counsel were made.

On or about September 12th, 2005, the parent received a telephone call from DCPS that the student's resolution session meeting was going to be held for the student on September 13th, 2005. Unfortunately, due to such short notice, the parent was unable to secure the necessary leave from her job.

Nevertheless, counsel for the parent, in a show of good faith, appeared at the stated date and time for the meeting on September 13th, 2005.

At the meeting, counsel for the parent informed Ms. Harrison, that the parent was unable to secure the necessary leave to participate in the meeting. After a brief discussion counsel for the parent and the DCPS Resolution Session Specialist agreed that the meeting would be reconvened.

As a result of that agreement, counsel for the parent sent to DCPS, correspondence requesting that the resolution session for the meeting be rescheduled. See attached Exhibit 4. Indeed, counsel for the parent gave DCPS no less than three (3) dates and times to reconvene. Id. DCPS never responded. DCPS made no further attempts to reconvene.

## II. Argument.

### A. Contrary to DCPS Assertions in its Motion, It was DCPS, Not the Parent Failure to Convene the Resolution Session Meeting.

According to the Individuals with Disabilities Education Improvement Act, Pub. L. No. 108-446, Sec. 101, § 614 (f)(B), DCPS, as the local education agency, is to convene a resolution session meeting within fifteen (15) days of receiving the parent's complaint. Here, it is apparent that DCPS attempted to convene a resolution session meeting on September 13th, 2005.

Here, the resolution session meeting scheduled by DCPS for September 13th, 2005, was done without taking into the consideration of the parent's convenience or work schedule, and without consulting the parent's counsel. Indeed, as the exhibits provided by the parent and DCPS themselves clearly demonstrate, there was never sufficient notice of the meeting ever received by all parties. As stated earlier, leaving a voice-mail message with the parent, the night before, and failing to make certain a fax to the parent's counsel was received in not sufficient enough attempts to schedule a meeting. Indeed, it is of importance to note that the purported certified mail receipt sent to the parent has no postmark date to show evidence that the notice to the parent was even sent on the seventh. See attached Exhibit #5.

Nevertheless, as stated earlier, the parent's counsel in a show of cooperation and good faith, appeared at the Resolution Session Meeting, and agreed to reschedule the resolution session meeting. DCPS never responded. For DCPS to make such a bold and unsubstantiated allegation that the parent is refusing or failing to cooperate with DCPS in the scheduling of this meeting is absurd.

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

1. DCPS' Motion to Remove be Denied.


                                                           
Christopher West, Esq., *Lead Counsel*
Domiento C.R. Hill, Esq., *Co-Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000 (Telephone)
202-742-2097/2098 (Fax)
Counsel for the Complainant


## CERTIFCATE OF SERVICE

I, Christopher West, Esq., hereby certify that a copy of the *Memorandum of Points and Authorities in Support of Complainant's Opposition to DCPS' Motion to Remove Hearing From the Schedule,* was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556, and to Charles McCullough, Attorney Advisor for the District of Columbia Public Schools' Office of the General Counsel, via hand delivery, on October 20th, 2005.

Christopher West, Esq., *Counsel*
Domiento C.R. Hill, Esq., *Co-Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent