# EXHIBIT 11

(In the Matter of JH DOB: 1/1/95 HOD: April 3, 2006)

1344

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
**CONFIDENTIAL**
**Coles B. Ruff, Jr., Due Process Hearing Officer**

| | |
|---|---|
| In the Matter of Joseph Hunter ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: February 1, 1995 ) | |
| ) | **HEARING OFFICER'S DECISION** |
| Petitioner, ) | Hearing Date: February, 2006 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Sunrise Academy ) | |
| Respondent. ) | |
| ) | |

Counsel for Student:            Domiento C.R. Hill, Esq.
                                1220 L Street NW  #700
                                Washington, DC  20005

Counsel for DCPS:               Charles McCullough, Esq.
                                Office of General Counsel
                                825 North Capitol St. NE
                                Washington, DC  20002

## JURISDICTION:

A Due Process Hearing was convened on March 24, 2006, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed January 27, 2006. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17 and the *Individuals with Disabilities Education Improvement Act of 2004* (I.D.E.I.A.), the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of JH  DOB: 1/1/95  HOD: April 3, 2006)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (JH 1-50 and DCPS 1-6) [1] which were admitted into the record.[2]

## FINDINGS OF FACT:

The student has been determined to be eligible for special education and related services with a disability classification of multiply disabled (MD). The student currently attends Sunrise Academy (Sunrise). (DCPS 6)

A Hearing Officer's Determination and Order (HOD) issued January 11, 2006, which required DCPS convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting within ten school days of the HOD. DCPS did not convene the meting within the prescribed time frame and the current due process complaint was filed. (DCPS 3, 4)

A resolution meeting was held and DCPS agreed to convene a MDT/IEP meeting. The meeting was convened on March 22, 2006. The parent and her educational advocate attended the meeting. At that meeting the MDT revised the student's IEP and concluded additional evaluations would be conducted. The MDT agreed the IEP was appropriate and would be implemented at Sunrise. (DCPS 3)

## ISSUE(S):

Did DCPS deny the student FAPE by failing to comply with the HOD and timely convene the MDT/IEP meeting?

## CONTENTIONS OF THE PARTIES:[3]

DCPS counsel asserted the following:
1. The complaint should be dismissed because it indicates an incorrect date of the HOD and because DCPS granted all the relief sought in the complaint at the March 22, 2006, MDT meeting.
2. Although, the student was placed at Sunrise on an interim basis DCPS has issued a transportation order for this student and there is no indication the placement has changed.

---

[1] DCPS submitted two sets disclosures in each the documents listed were numbered 1 through 3. The Hearing Officer has designated the documents filed in the second disclosures as documents 4 through 6.

[2] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

[3] The contentions are the arguments made by opposing counsel and do not reflect any findings or conclusions made by the Hearing Officer.

2

(In the Matter of JH  DOB: 1/1/95  HOD: April 3, 2006)

   3. DCPS was not required to have a representative at the MDT meeting other than the representatives of Sunrise who had communicated with the DCPS representative and had authorization from DCPS to proceed with the meeting.

The parent's counsel asserted the following:

1. The HOD required DCPS to convene a MDT meeting within fifteen days.
2. DCPS did not attend the MDT/IEP meeting to discuss the student's long term placement and address compensatory education; therefore, the meeting was not appropriate and was a violation of the HOD.
3. DCPS cannot avoid administrative review of a violation by holding a MDT meeting two days prior to the hearing.

**CONCLUSIONS OF LAW:**

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student. [4]

Did DCPS deny the student FAPE by failing to comply with the HOD and timely convene the MDT/IEP meeting?  Conclusion: DCPS did not sustain its burden of proof.

DCPS did not present evidence to indicate why it did not timely comply with the HOD and convene the MDT meeting within the prescribed time frame. Although there was a resolution meeting convened and a subsequent MDT meeting held prior to the hearing, the complaint was not withdrawn. The Hearing Officer is precluded from adjudicating any alleged violations that occurred at the March 22, 2006, MDT meeting as those should be the subject of a new due process complaint.

Notwithstanding DCPS' claim that it offered and provided the relief sought prior to the hearing, based on the evidence presented the Hearing Officer concludes DCPS did not timely comply with the January 11, 2006, HOD and the student was denied FAPE.

Parent's counsel alleged that DCPS did not address all the issues that were to be addressed at the March 22, 2006, meeting and that a DCPS representative was not present. The Hearing Officer declines to adjudicate what if any claim the parent has to compensatory education as that claim was not asserted in the current complaint.

**ORDER:**

1. DCPS shall within fifteen (15) school days of the issuance of this Order convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations, review and revise the student's IEP, and

---

[4] Although the DC Board of Education has proposed the burden of proof be on the individual filing the complaint and seeking relief, that rule making has not yet become effective.

3

(In the Matter of JH  DOB: 1/1/95  HOD: April 3, 2006)

    discuss and determine placement, and discuss compensatory education and develop a compensatory education plan if warranted.[5]

2. If the student's placement is changed DCPS shall issue a prior notice of placement within five (5) school days of the MDT/IEP meeting if the recommended placement is public and thirty (30) calendar days if the recommended placement is private.

3. Scheduling of the MDT/IEP meeting is to be arranged through parent's counsel.

4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, the parent and/or their representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: April 3, 2006

Issued: 4/3/06

---

[5] The Hearing Officer makes not finding or conclusion the student is due any compensatory education although that may have been the finding or conclusion of a prior HOD.

4

(In the Matter of JH DOB: 1/1/95 HOD: April 3, 2006)

## In the MATTER OF Joseph Hunter V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| JH 1-50 | Parent's Disclosures | Yes |
| DCPS 1-6 | DCPS Disclosures | Yes |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

5

(In the Matter of JH DOB: 1/1/95 HOD: April 3, 2006)

## In the MATTER OF Joseph Hunter V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 1/27/06 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 3/1/06 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

6

(In the Matter of JH DOB: 1/1/95 HOD: April 3, 2006)

# INDEX OF NAMES

## In the MATTER OF Joseph Hunter V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | |
| School Psychologist | |
| Regular Education Teacher | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Julia Hunter (Mother) |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. |
| School System's Representative | Charles McCullough, Esq. |
| Parent's Educational Advocate | |

7