# EXHIBIT 17

# District of Columbia Public Schools

## Office of Management Services

**Tonya M. Butler-Truesdale, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| ANDRE WALKER, STUDENT | ) | |
| | ) | |
| Date of Birth: October 8, 1988 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: January 13, 2005 |
| | ) | |
| v. | ) | Request for Hearing: October 14, 2004 |
| | ) | |
| THE DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Student Attending: | ) | |
| Friendship-Edison Public Charter School) | | |

## INTERIM ORDER

| | |
|---|---|
| **Parents:** | Ms. Rhonda Walker, Mother |
| | 5834 Southern Avenue, S.E. |
| | Washington, D.C. 20019 |
| | |
| **Counsel for Petitioner:** | Domiento C. R. Hill, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W. |
| | Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000; Fax: (202) 742-2098 |
| | |
| **Counsel for DCPS:** | Michael Levy, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

**Counsel for Friendship-Edison
Public Charter School**

Paul S Dalton
Dalton, Dalton and Houston, PC
1009 Pendleton Street
Alexandria, VA, 22314-4300

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child's Name | Andre Walker |
|---|---|
| Child's Parent(s) (specific relationship) | Rhonda Walker , Mother |
| Child/Parent's Representative | Domiento C. R. Hill, Esquire |
| School System's Representative | Michael Levy, Esquire* |
| Charter School Representative | Paul S. Dalton, Esquire |

*DCPS entered motion to be excused from this hearing. The motion was granted.

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a sixteen year-old student attending Frienship-Edison Public Charter School. On October 14, 2004 Petitioner filed a *Request for Hearing* ("*Request*") alleging that DCPS and Friendship-Edison failed to evaluate Petitioner comprehensively to determine Petitioner's eligibility for special education services. The due process hearings scheduled for November 17, 2004, December 10, 2004 and January 3, 2005 were all rescheduled. A hearing was convened on January 13, 2005. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered oral testimony at the hearing.

The parties agree by way of Interim Order to convene two meetings before the continuance of this matter on Feburary 28, 2005 at 1:00pm.

**ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 13th day of January 2005, it is hereby

**ORDERED,** that DCPS and Friendship-Edison shall convene and MDT/IEP to review the evaluations completed by Dr. Maria Cohn, and Beth Wilkinson. The review of these evaluations on January 18, 2005, which may result in a referral for an occupational therapy and clinical evaluation, must be completed and reviewed by the MDT/IEP team no later than February 24, 2005.

**IT IS FURTHER ORDERED,** In the event the MDT determines that Petitioner is eligible for special education services, it shall develop an Individualized Education Program ("IEP") and discuss placement alternatives. The MDT/IEP team ordered to determine whether compensatory education is owed. If a change of placement is necessary, DCPS shall have five days to issue a Prior Notice of Placement. If a change in placement is necessary, DCPS shall have five school days to issue a Prior Notice of

Placement to a DCPS public school, and thirty calendar days to issue a Prior Notice of
Placement to a private or non-public school.

   **IT IS FURTHER ORDERED,** that if the student is found ineligible to receive
special education and its related services DCPS and Friendship-Edison agrees to issue a
Notice of Ineligibility.

   **IT IS FURTHER ORDERED,** that Friendship-Edison shall afford Petitioner's
parent an opportunity to participate in any meeting in which Petitioner's placement is
discussed or determined. The DCPS placement representative shall advise Petitioner's
parent of the advantages and disadvantages for Petitioner with respect to each school that
is discussed, including any schools proposed by the parent. DCPS shall provide
Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for
the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice
within seven days if Petitioner is placed in a public facility or within 30 days if Petitioner
is placed in a private facility.

   **IT IS FURTHER ORDERED,** that Options will coordinate scheduling the MDT
meeting with DCPS and Petitioner's counsel, Domiento C. R. Hill, Esquire, (202) 742-
2000.

   **IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in
this Order because of Petitioner's absence or failure to respond promptly to scheduling
requests, or that of Petitioner's representatives, will extend the deadlines by the number
of days attributable to Petitioner or Petitioner's representatives. DCPS shall document
with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's
representatives.

   **IT IS FURTHER ORDERED,** that this Order is effective immediately.


**Notice of Right to Appeal Hearing Officer's Decision and Order**

   This is the final administrative decision in this matter. Any party aggrieved by the
findings and/or decision may bring a civil action in any state court of competent
jurisdiction or in a district court of the United States without regard to the amount in
controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the
entry of the Hearing Officer's Decision.[1]

                              Tonya M. Butler-Truesdale
                              Hearing Officer


Date:  January 14, 2005

Issued: _____1-28-05_____

Copies to:

Paul S Dalton
Dalton, Dalton and Houston, PC
1009 Pendleton Street
Alexandria, VA, 22314-4300
(703) 739-2323


Domiento C. R. Hill, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Michael Levy, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002