UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REINA SARAVIA, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 06-275(PLF) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Defendants, through counsel, and pursuant to Fed. R. Civ. P. 7(b), respectfully oppose Plaintiffs' Motion for Entry of Default Judgment filed June 27, 2006. In support thereof, Defendants state the following:

Plaintiffs filed the Complaint on February 14, 2006. On March 20, Defendants filed a Motion for Enlargement of Time to Respond to the Complaint to June 6, which was granted in a minute order on March 22. On June 6, Defendants filed a Motion for Partial Dismissal of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim under Section 504 of the Rehabilitation Act 1973, 42 U.S.C. §1983 and because nine of the 54 named Plaintiffs are not prevailing parties. On June 27, Plaintiffs filed a Motion for Entry of Default Judgment ("Motion") because "Defendants are in default as they did not file an answer to the 20 U.S.C. §1415 claims." *Motion, p. 3*.

**ARGUMENT**

Fed. R. Civ. P. 12(a)(4)(A) provides "unless a different time is fixed by court order, the service of a motion ***permitted under this rule*** alters these periods of time as

follows: (A) if the court denies the motion…the responsive pleading [answer] shall be served within 10 days after notice of the court's action."

Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint for failure to state a claim is a motion *permitted under Rule 12(a)(4)(A) pursuant* to Rule 12(b)(6). Therefore, Defendants' responsive pleading, [the answer to the Complaint[1]] need not be filed until 10 days after the court takes action on Defendants' motion.[2]

In Ricciuti v. New York City Transit Authority 1991 WL 221110, *2 (S.D.N.Y., 1991), the Court denied plaintiff's motion for default judgment holding:

> *Any* motion, *particularly when the motion addresses a significant portion of the complaint* (as in the present case), will suspend the time to answer any claim. As a matter of policy and judicial economy such a conclusion is required. Were it necessary to serve an answer in piecemeal fashion, as Gerlach suggests, a procedural thicket would emerge. Thorny questions would arise as to how the case should proceed pending resolution of the motion. The present situation is a case and point. Had an answer been required in July of 1990 on those count(s) not addressed, [FN2] both plaintiffs and defendants would have found themselves in a quagmire. Should discovery proceed with regard to *some* of the defendants, and then await the "arrival" of the other claims and defendants, particularly given the fact that an appeal was taken? Such an approach is inefficient.

See also Finnegan v. University of Rochester Medical Center, 180 F.R.D. 247, 249 (W.D.N.Y., 1998)(the weight of the case authority holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.); Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, *122 (D.Mass., 2001); Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, *572 (E.D.Va., 2002); Ideal Instruments, Inc. v. Rivard Instruments, Inc. 2006 WL 1217201, *36 (N.D.Iowa) (N.D.Iowa, 2006).

---

[1]   See Fed. R. Civ. P. 7(a), defining "pleadings."
[2]   A grant of a dismissal motion, however, would obviously eliminate the need for an answer.

## CONCLUSION

Significant legal precedent holds that Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint tolls the time for filing a responsive pleading [the answer], until the Court rules on Defendants' earlier-filed motion. Accordingly, Plaintiffs' Motion for Entry of Default Judgment must be denied.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651

**June 28, 2006**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REINA SARAVIA, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **Civ. Action No. 06-275(PLF)** |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

Upon consideration of Plaintiffs' Motion for Entry of Default Judgment, Defendants' Opposition thereto, and the entire record in this proceeding; it is this

_____ day of _____, 2006

**ORDERED**, that Plaintiffs' motion is DENIED.

_____

UNITED STATES DISTRICT JUDGE