UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| REINA SARAVIA, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-275(PLF) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendants, by counsel, reply herewith to the "Amended Memorandum of Points and Authorities Submitted in Support of the Plaintiffs' Opposition of the Defendant's [sic] Motion to for [sic] Partial Dismissal" filed herein June 22, 2006 ("Opposition").

**PRELIMINARY STATEMENT**

In their June 6, 2006, motion herein, Defendants argued (1) that Plaintiffs had failed to state a proper claim under Section 504 of the Rehabilitation Act. Motion, pp. 3-5; (2) that Plaintiffs had failed to state a proper claim under 42 U.S.C. §1983, Motion pp. 5-6; (3) that Plaintiffs Sisco, Lassey, Owens, Leach and Reed were not entitled to relief because their claims derived from settlement agreements, meaning they were not prevailing parties, Motion pp. 6-7; (4) that Plaintiffs Hunter and Gantt were not entitled to relief because they failed to exhaust administrative remedies, Motion pp. 7-8; (5) that Plaintiff Crews was not entitled to relief because her due process hearing was dismissed, Motion pp. 8; and (6) that Plaintiff Walker was not entitled to relief because her child attended a Charter school, Motion pp. 9-11.

As a preliminary matter, Plaintiffs are silent on the propriety of the complaint under Section 504 of the Rehabilitation Act. To that extent, Defendant's arguments in that regard (Motion, pp. 3-5) are unchallenged, and conceded.

For the reasons set forth below, the remainder of Plaintiffs' responses to Defendants' arguments are without merit.

## ARGUMENT

I. **Plaintiffs Have Failed to Demonstrate a Viable Claim under 42 U.S.C. §1983.**

   A. **First prong—IDEA violation**

Plaintiffs assert that they satisfy the first prong of the four-prong test set out in Walker v. District of Columbia, 969 F.Supp. 794 (D.D.C. 1997), to prove a section 1983 violation in an IDEA case, because Defendants have failed to reimburse Plaintiffs' reasonable attorneys' fees—a violation of 28 U.S.C. 1415(i)(3)(b) [sic].[1] However, Plaintiffs' reliance on that IDEA provision begs the question.

20 U.S.C. §1415(i)(3)(B)(i) is a provision that allows a judge to award attorney's fees to a prevailing party at his discretion. In this action, there has been no finding that all of the 54 named Plaintiffs are prevailing parties. Moreover, there has been no judicial award of attorney's fees. In order to violate this provision of IDEA, a judge must first find that Plaintiffs are prevailing parties and award attorney's fees, and ***Defendants must fail to pay those fees as ordered by the Court.*** Since neither of those events has occurred in this action, Plaintiffs have not satisfied the first prong of Walker—a violation of a provision of IDEA. Plaintiffs' 1983 claim must fail on that basis alone.

---

[1] Defendants assume Plaintiffs are referring to 20 U.S.C. §1415(i)(3)(B)(i) which states: In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs --
**(I)** to a prevailing party who is the parent of a child with a disability.

Moreover, the "right to reasonable attorney's fees" under IDEA is not an absolute right to fees. The statute conferring this "right" is couched in precatory terms, providing that a court, in its discretion, may award reasonable attorneys fees. *20 U.S.C. §1415(i)(3)(B)*. The Supreme Court has held that when determining whether a particular statutory provision gives right to a right enforceable under Section 1983 "the statute must [inter alia] unambiguously impose a binding obligation…In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." Blessing v. Firesone, 520 U.S. 329, 340 (1997). Thus, the "right to reasonable attorneys' fees" under the IDEA is not a right enforceable through Section 1983. See also Kaseman v. District of Columbia, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), *rev'd on other grounds,* Kaseman v. District of Columbia, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms." "It cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings.")

**B.  Second prong—egregious conduct**

Plaintiffs assert that they satisfy the second prong of the Walker case—that Defendants' conduct was egregious and prevented and frustrated Plaintiffs from securing equitable relief—because, they claim, Defendants' untimely reimbursement of attorney's fees is interfering with the ability of plaintiffs to obtain competent counsel. Plaintiffs rely on Johnson v. District of Columbia, 190 F.Supp.2d. 34 (D.D.C. 2002) in support of this assertion. However, Johnson is inapplicable in this case.

In Johnson, the plaintiffs' settlement offers were predicated upon a waiver of attorney's fees. That is not the case herein. In the instant case, payment of attorney's fees may be delayed because of the sheer volume of invoices submitted to DCPS. Indeed, within the past four months Plaintiffs' counsel, James Brown and Associates, have filed seven actions with the Court to recover attorney's fees because they were not paid within 90 days: (1) Ankrom, et al., v. District of Columbia, 06-274, filed February 14, 2006, 51 plaintiffs (2) Gonzalez, et al., v. District of Columbia, 06-278, filed February 14, 2006, 10 plaintiffs; (3) Armstead, et al., v. District of Columbia, 06-276, filed February 14, 2006, 50 plaintiffs; (4) Briscoe, et al., v. District of Columbia, 06-323, filed February 23, 2006, 22 plaintiffs; (5) Moore, et al., v. District of Columbia, 06-576, filed March 29, 2006, 44 plaintiffs; (6) Santamaria, et al., v. District of Columbia, 06-577, filed March 29, 2006, 22 plaintiffs; and (7) Brown, et al., v. District of Columbia, 06-823, filed May 14, 2006, 33 plaintiffs. That totals 232 invoices/plaintiffs from one firm alone. Each invoice and HOD accompanying the must be carefully reviewed to determine *inter alia* whether the plaintiff is a prevailing party, and whether there is double billing; i.e. submitting the same invoice for the same plaintiff in more than one case.

Moreover, summary assertions that DCPS' failure to reimburse Plaintiffs reasonable attorneys' fees "continues to interfere with and to frustrate the ability of parents…to obtain competent counsel and to sustain that attorney-client relationship" are pure pleading hyperbole, not fact, and not alleged in the complaint. In fact, these counsel have been regularly reimbursed fees by DCPS for many years; indeed, the firm would not exist but for the continuous flow of money from IDEA representation. That the specific

4

fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

### C. Third prong—custom or practice

Plaintiffs assert that they satisfy the third prong of the Walker case—Defendants have a custom or practice that is the moving force behind the violations—because, they claim, DCPS has a "custom and practice of refusing or denying to reimburse the counsel of parents of children with special needs." *Opposition, p. 5*. This assertion is without merit.

Calloway v. District of Columbia, 216 F.3d. 1 (D.C. Cir. 2000), cited by Plaintiffs, is hardly the "document[ation]" of "DCPS' hostility to the legal fees paid to attorneys who successfully bring IDEA actions against DCPS" that Plaintiffs claim. *Opposition, p. 5*. Calloway involved the application of a Congressional attorneys' fee cap, as to the implementation of which the District has no discretion. Summary assertions that DCPS' failure to reimburse Plaintiffs reasonable attorneys' fees is a "custom and practice culminating in the continuous interference with a parent's right to counsel by either refusing or failing to reimburse a parent for reasonable attorney's fees" are pure pleading hyperbole, not fact, and not alleged in the complaint. In fact, these counsel have been regularly reimbursed fees by DCPS for many years; indeed, the firm would not exist but for the continuous flow of money from IDEA representation. That the specific fees at issue here were delayed in their consideration and payment is hardly a basis for concluding that this complaint has adequately set forth a viable Section 1983 claim, whatever the current pleading flourishes.

There is neither a DCPS custom, policy or practice of failing to pay, within the limitations of the statutory fee caps, IDEA attorneys' fees generally, or these counsel in particular.  Neither the complaint, nor even the Opposition itself, meets the required particularity set forth in the cases cited in the Defendants' motion.

### D.  Fourth Prong—inadequate remedies available

Regarding the fourth prong of the Walker case—that normal remedies offered under IDEA are inadequate to compensate for the harm suffered—Plaintiffs have not provided a legal argument as a basis for asserting a Section 1983 claim.

## II.  The Settlement Agreements of Plaintiffs Sisco, Lassey, Owens, Leach and Reed Were Not Incorporated as Orders in the HOD; Thus, There is no Judicial Imprimatur, and They are not Prevailing Parties.

Plaintiffs assert that in the case of the five Plaintiffs listed in the heading above, the Hearing Officer "made a finding that the terms of the settlement agreements were in the best interest of the child" and  "incorporated the terms" of the settlement agreements into a Hearing Officer's Determination ("HOD") which became final.  Plaintiffs further argue that this was a "settlement on the record" that caused a change in the legal relationship, conferring "prevailing party" status upon the Plaintiffs.  *Opposition, p. 9.*  That is not what happened for these five Plaintiffs.

In the Sisco case (*Complaint, Exhibit 3),* the HOD states "The hearing officer called the hearing to order as scheduled when the parties announced they had settled." Thereafter, the HOD includes a recitation of the settlement agreement.  This recitation is **not** incorporated as an order.

In the Lassey case (*Complaint, Exhibit 28),* the HOD states "The hearing officer called the hearing to order as scheduled when the parties announced they had settled."

6

Thereafter, the HOD includes a recitation of the settlement agreement. This recitation is **not** incorporated as an order.

In the Owens case (*Complaint, Exhibit 37)*, the HOD states "The hearing officer called the teleconference to order as scheduled when the parties announced they had settled. Thereafter, the HOD includes a recitation of the settlement agreement. This recitation is **not** incorporated as an order.

In the Leach case (*Complaint, Exhibit 44),* the HOD states "The hearing officer called the teleconference to order as scheduled when the parties announced they had settled. Thereafter, the HOD includes a recitation of the settlement agreement. This recitation is **not** incorporated as an order.

In the Reed case (*Complaint, Exhibit 51),* the HOD states "The hearing officer called the hearing to order as scheduled when the parties announced they had settled. Thereafter, the HOD includes a recitation of the settlement agreement. This recitation is **not** incorporated as an order.

For each of the five Plaintiffs, the Hearing Officer **does not** make a finding that the "terms of the settlement agreement are in the best interest of the child." Indeed, the Hearing Officer expresses no opinion whatsoever about the merits of the settlement agreements. The HODs merely states that the parties reached an agreement, and lists the terms of those agreements.

In Abraham v. District of Columbia,  338 F.Supp.2d 113, 120 (D.D.C. 2004), this Court held:

> It would be insufficient for an HOD **merely to mention the existence of a settlement agreement** or to dismiss the claim as moot due to settlement. For an IDEA claimant to be a "prevailing party," the HOD must **order** DCPS to undertake or refrain from some conduct consistent with that statute.

7

In the instant case, the HODs for the five Plaintiffs in question merely mention the existence of the settlement agreement. The HODs do not **order** Defendants to undertake or refrain from some conduct. Since these settlement agreements were not incorporated as Orders, there is no judicial imprimatur, and the five Plaintiffs are not prevailing parties. Therefore, these five Plaintiffs are not entitled to recover attorney's fees.

### III. Plaintiffs Hunter, Gantt and Crew are not Prevailing Parties pursuant to IDEA.

#### A. Plaintiff Hunter

In their motion, Defendants argued that since no resolution session was held prior to the due process hearing, and the Hearing Officer continued the due process hearing so the resolution session could take place, Plaintiff Hunter is not a prevailing party and is not entitled to attorney's fees. *Motion, p. 8*.

Plaintiffs assert that Hunter is a prevailing party because of events that occurred at subsequent hearings in November, 2005, and January, 2006. *Opposition, p. 12*. Plaintiffs may arguably be correct with regard to these subsequent hearings. However, *those HODs are irrelevant to—and are not a part of—this action.*

In this action, with respect to Plaintiff Hunter, Plaintiffs submitted an October 21, 2005 HOD, and an invoice for services rendered from **June 13 to October 30, 2005.** *Complaint, Exhibit 24*. Plaintiffs are asking the court to confer prevailing party status and award attorney's fees based on that documentation. However, what the Court has before it is an HOD that clearly states that the October 21, 2005 due process hearing is being continued. There is no decision on the merits of plaintiff' complaint—the basis of the request for the due process hearing. There is no legal change in the relationship of the

parties. Based upon the October 21, 2005 HOD, Plaintiff Hunter is not a prevailing party and is not entitled to attorney's fees.

### B. Plaintiff Gantt

In their motion, Defendants' argued that Plaintiff Gantt was not a prevailing party because the Hearing Officer did not issue a final determination. *Motion, p. 8.* Plaintiffs assert that since the Hearing Officer ordered Defendants to perform certain tasks, there was a "material alteration of the legal relationship of the parties" conferring prevailing party status and entitling Gantt to attorney's fees. *Opposition, pp. 13-14.*

In the "Findings of Fact," the September 29, 2005 HOD states that certain testimony "compelled this hearing officer to issue this **interim order** requiring status reports from both counsel in order to facilitate the resolution [of] any remaining allegations of the hearing request." *Complaint, Exhibit 15.* The Hearing Officer orders both parties to submit a status report "no later than October 19, 2005." *Id.*

Although Plaintiffs assert that the Hearing Officer's orders resulted in a "material alteration of the legal relationship of the parties," this assertion is not based in fact. The fact is, the HOD is silent on the issues that precipitated the request for a due process hearing. Without knowing the content of the complaint—the reason for the due process hearing request—this Court cannot know whether Plaintiff Gantt received what she was asking for. Moreover, the appropriateness of an interim order notwithstanding, the face of the interim order issued here does not purport to finally resolve the issues raised, and appears to contemplate further proceedings. Until those proceedings conclude, and the Hearing Officer determines that FAPE has been denied, the Court cannot conclude that

9

Plaintiff Gantt is a prevailing party. Therefore, Plaintiff Gantt is not entitled to attorney's fees.

### C. <u>Plaintiff Crews</u>

In their motion, Defendants argued that Plaintiff Crews is not a prevailing party because her due process complaint was dismissed with prejudice. *Motion, p. 8.* Plaintiffs argue that since DCPS was ordered to perform certain tasks, there was a "material alteration of the legal relationship" conveying prevailing party status, and entitling Plaintiff Crews to attorney's fees. *Opposition, p. 14-15.*

A careful reading of the October 21, 2005 HOD reveals that the issues were whether Defendants violated the "child find" provision of IDEA, and denied the child FAPE by failing to evaluate the child. *Complaint, Exhibit 8.* With respect to the child find issue, Plaintiff Crews believed that Defendants should have evaluated the child for special education services prior to retaining the child at the end of the school year. However, the Hearing Officer concluded that since the child performed satisfactorily at the beginning of the school year, demonstrating that he was capable of doing the work, and performed poorly only after repeated absences from school, and refusing to participate in class when he did appear for school, then Defendants were not "derelict in failing to initiate child find procedures before the decision was made to retain him at the end of the school year." *Id. p. 3 of HOD.*

With respect to the failure to evaluate issue, the Hearing Officer concluded that since the 120-day time period for completing evaluation had not yet expired, Defendants did not deny the child FAPE.

Based upon those two conclusions the Hearing Officer determined that "there is no prevailing party in this proceeding" and dismissed the complaint "with prejudice." *Id., pp. 5-6 of HOD.* Since Plaintiff Crews is not a prevailing party, she is not entitled to attorney's fees.

IV. **Since Plaintiff Walker Attends a Public Charter School, that School is Responsible for Paying Attorney's Fees, not Defendants.**

In their motion, Defendants argued that since the student attended Friendship Edison Public Charter School ("FEPCS"), a school acting as its own LEA, and FEPCS never asked DCPS to intervene or assume responsibility for the student, FEPCS should be required to pay any appropriate attorney's fees, not Defendants. *Motion, pp. 9-11.* Plaintiffs assert that since DCPS attended a MDT/IEP meeting in August, 2005, and issued a prior notice for placement at the District of Columbia Alternative Learning Academy, Defendants did intervene in the student's behalf. *Opposition, pp. 15-17.*

Preliminarily, Defendants must point out that Plaintiffs misstate Defendants position as "conten[ding] that the parent is not the prevailing party." *Opposition, p. 16.* That is not Defendants' contention at all. In this case, the Hearing Officer incorporated the terms of the settlement agreement between FEPCS and the parent in the form of an Order in the HOD. The point Defendants intended to convey was that the agreement was between "the parties, the petitioner and Friendship-Edison." *Complaint, Exhibit 48.* DCPS was not a party to the agreement. Furthermore, the HOD ordered *FEPCS* to conduct a psychiatric evaluation, reconvene an IEP meeting and coordinate scheduling the MDT meeting. *DCPS* was not ordered to do anything. The Hearing Officer wanted DCPS to be a part of the IEP team as a safety net, *if a change in placement was deemed*

11

*necessary.* Only then would DCPS be required to step in and assume responsibility for the student.

At the time of the hearing, and for the period of time Plaintiffs provided services for the student—the time for which Plaintiffs seek to be paid attorney's fees—the student attended FEPCS, and FEPCS was solely responsible for providing services.[2] Therefore, Plaintiffs should seek payment of attorney's fees from FEPCS, not from these Defendants.

## CONCLUSION

Plaintiffs have not addressed Defendants' contention that there is no viable action under the Section 504 of the Rehabilitation Act; therefore, that argument must be conceded. Plaintiffs have also failed to demonstrate a viable claim under 42 U.S.C. §1983.

The settlement agreements of Plaintiffs Sisco, Lassey, Owens, Leach and Reed were not incorporated as Orders in the Hearing Officer's Determinations. Consequently, there is no judicial imprimatur, they are not prevailing parties and they are not entitled to recover attorney's fees.

Plaintiffs Hunter and Gantt have failed to exhaust their administrative remedies. They have not received final, appealable orders from a hearing officer, they are not prevailing parties and they are not entitled to attorney's fees. Plaintiff Crews is not a prevailing party because of complaint was dismissed by a hearing officer.

---

[2] The fact that the student now attends High Road Academy pursuant to a February, 2006 HOD is beyond the period of services on the invoice and irrelevant to this action.

Finally, although Plaintiff Walker **may** be deemed a prevailing party, she is not entitled to relief from the District of Columbia because her child attends a public charter school.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH, #012914
Chief, Equity Section 2

*/s/* Veronica A. Porter
VERONICA A. PORTER, #412273
Assistant Attorney General
441 4th Street, NW, 6th FL South
Washington, D.C. 20001
(202)724-6651

**June 28, 2006**